[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#105)
The plaintiff, Metrobank for Savings, has alleged the following facts in its one count complaint against the defendant, Stewart Title Guaranty Company, dated January 22, 1990.
The plaintiff bank held a mortgage on property at 2995 Fairfield Avenue, Bridgeport, Connecticut. On June 30, 1987, the plaintiff was issued a title insurance policy insuring the plaintiff's mortgage on the above building by the defendant, Stewart Title Insurance Company. On October 1, 1987, the W. G. Glenny Company filed a mechanic's lien on the property in question. On February 24, 1988, the plaintiff bank filed a foreclosure action and subsequently purchased the property at the Foreclosure sale.
On April 7, 1988, W. G. Glenny Company filed a, cross-complaint and counterclaim stating that its mechanic's lien had priority over the plaintiff bank's mortgage. On June 2, 1988, the plaintiff bank so notified the defendant title insurance company.
The plaintiff bank has alleged in paragraph 12 of its complaint that "the defendant neglected and refused to defend against the claimed priority of W. G. Glenny Company. . .or to assume any responsibility thereof as required by the terms of the policy." The plaintiff has alleged further that as a result of the defendant's failure to defend against the mechanic's lien the plaintiff was compelled to pay Thirty-five Thousand Dollars to the W. G. Glenny Company.
A copy of the title insurance policy was attached to the complaint. On May 16, 1990, the defendant filed its answer in which it denied that the plaintiff did all it was required to do under the policy, denied that it neglected and failed to defend, and denied that the plaintiff had to pay monies as a result of its failure to defend the bank. The defendant also filed four special defenses.
In its first special defense, defendant asserted that it retained counsel to enter an appearance on behalf of the plaintiff, advised the plaintiff as to defense and consulted I with the W. G. Glenny Company to explore the possibility of a settlement. The defendant expected the plaintiff to move for supplemental judgment pursuant to Connecticut General Statutes49-27. The defendant further alleged in its first special defense that the plaintiff negotiated its own settlement with the W. G. Glenny Company, thus precluding the defendant's effort CT Page 4569 to litigate the issue or to procure a more favorable settlement.
The defendant alleged in its second special defense that the plaintiff is estopped from asserting a claim from the claim of the W. G. Glenny Company. The defendant asserted in its third special defense that the plaintiff has waived any right to assert a claim under the policy.
The defendant asserted in fourth special defense that the plaintiff bank did not disclose the full amount of the mortgage to the property owners, thereby setting up their inability to pay the W. G. Glenny Company. On May 29, 1990, the plaintiff bank replied to the defendant's special defense thus closing the pleadings.
On August 23, 1990, the plaintiff filed its motion for summary judgment which was supported by the following documents:
1. a memorandum of law;
2. the affidavit of Thomas D. McHugh, IV, Esquire, plaintiff Metrobank's representative at the foreclosure hearing and the instant proceedings;
3. a copy of Order, Motion to Determine Priorities, regarding the underlying foreclosure action of the property.
On September 7, 1990, the defendant filed its memorandum in opposition to plaintiff's motion for summary judgment. The memorandum was supported by:
1. the affidavit of Patrick R. Thesing, attorney for defendant Stewart Title Guaranty Company;
2. the affidavit of David S. Hoopes, Esquire, an attorney with Cohn Birnbaum, P.C., who was retained by defendant Stewart Title Insurance Company to represent plaintiff Metrobank for Savings in the defense of the cross-complaint and counterclaim filed by W. G. Glenny Company in the bank foreclosure action on the insured premises.
The plaintiff, Metrobank, has moved for summary judgment on the ground that the defendant has asserted no valid I defense to the plaintiff's claim.
Summary judgment may be granted only in actions in which the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Practice Book 384 (rev'd. to 1978, as updated to CT Page 4570 October 1, 1990); Nolan v. Borkowski, 206 Conn. 495, 500 (1988). "Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." (Citations omitted.) Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 516 (1978). "A `material fact' has been defined adequately and simply as a fact which 3 will make a difference in the result of the case." (Citation omitted.) Catz v. Rubenstein, 201 Conn. 39, 48 (1986).
"The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitled him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) Fogarty v. Rashaw, 193 Conn. 442, 445 (1984). "To oppose a motion for summary judgment successfully, the [nonmovant] must recite specific facts in accordance with Practice Book, 1978, 380 and 381, which contradict those stated in the [movant's] affidavits and documents." (Citations omitted.) Farrell v. Farrell, 182 Conn. 34, 39-40 (1980). "Some evidence showing the existence of an issue of material fact must [be] presented in the counter affidavit." Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 581 (1990).
The plaintiff, Metrobank, pleaded in paragraph twelve of its complaint that the defendant insurer neglected and refused to defend the bank against the claimed priority of a mechanic's lien recorded by the W. G. Glenny Company. The plaintiff further pleaded in paragraph thirteen that it was compelled to pay Thirty-five Thousand ($35,000.00) Dollars to the Glenny Company as a result of the insurer's refusal and failure to defend the plaintiff according to the terms of the title insurance policy. In paragraph eight the plaintiff pleaded that it "has at all times performed all things required by it as per the terms and conditions of the policy."
The plaintiff argues in its memorandum of law that it settled W. G. Glenny Company's claim pursuant to a court order establishing priorities. The plaintiff attached a certified true copy of the order which listed the W. G. Glenny mechanic's lien second and plaintiff Metrobank's mortgage third in order of priority. The plaintiff also attached the affidavit of its attorney for the foreclosure action in which he stated to the best of his knowledge and belief the defendant and/or its representatives, negotiated a settlement with Glenny Co. which subsequently was not approved by the defendant's corporate office. CT Page 4571
The defendant title insurance company argues in its memorandum of law that it hired local counsel to defend the bank, that the local counsel conferred with the bank's counsel and with the lienor Glenny Company's counsel in exploring the possibility of a settlement of the lien. The defendant further argues that the plaintiff bank voluntarily negotiated its own settlement with the Glenny Company, without notifying the defendant or obtaining prior written consent of the defendant, as required by the title insurance policy, "Conditions and Stipulations", paragraph 7(c), "limitation of Liability. . .(c) for liability voluntarily assumed by an insured in settling any claim or suit without prior written consent of the Company."
The defendant attached the affidavit of two attorneys who worked on the cross-complaint and counterclaim in the foreclosure action. The affidavits state that no one from Metrobank informed Stewart Title Insurance Company that Metrobank was settling the claim, as was required under the terms of the title insurance policy.
The affidavits of both the movant and nonmovant indicate that a genuine issue of material fact remains as to whether the plaintiff voluntarily negotiated its own settlement with the W. G. Glenny Company thus failing to meet its obligation under the title insurance policy to obtain prior written consent for such settlement, or whether it was compelled by the court order determining priorities to pay the W. G. Glenny Company debt. Accordingly, the motion for summary judgment is denied.
Furthermore, the plaintiff brought its motion for summary judgment on the ground that the defendant has asserted no valid defenses to the plaintiff's claims. "If it appears that upon a full inquiry a defense would not be found to exist, a summary judgment is warranted." (Citations omitted.) Dowling v. Kielak, 160 Conn. 14, 17 (1970). The defendant has recited specific facts which contradict those offered by the moving party. Farrell v. Farrell, 182 Conn. at 39-40. Accordingly, the plaintiff is not entitled to a summary judgment as a matter of law.
Motion denied.
JOSEPH A. LICARI, JR., JUDGE