ALFONSO SUAREZ *v.* DICKMONT
PLASTICS CORPORATION
(11078)

LANDAU, HEIMAN and SCHALLER, Js.

Argued December 10, 1992—decision released March 16, 1993

*Alan I. Saltzman,* with whom, on the brief, was *Scott S. Centrella,* for the appellant (plaintiff).

*Lewis S. Lerman,* for the appellee (defendant).

SCHALLER, J. The plaintiff appeals from the trial court's granting of summary judgment in favor of the defendant. The issue presented in this appeal is whether the trial court properly granted the defendant's motion for summary judgment on the basis of the exclusive remedy provisions of the Workers' Compensation Act. We affirm the judgment of the trial court.

The plaintiff alleged that while attempting to clean a plastics molding machine, he caught his right hand in a "feed chamber." As a result, his fingers were partially amputated. He filed a claim with the workers' compensation commission, and the commission approved a voluntary agreement between the plaintiff and the defendant in March, 1988. The plaintiff also filed a complaint with the Superior Court claiming that the defendant's "serious and wilful misconduct" caused the injury. In response, the defendant raised a special defense asserting that the plaintiff's action was barred by the exclusive remedy provisions embodied in General Statutes § 31-284 of the Workers' Compensation Act.

The defendant filed a motion for summary judgment, again raising the issue of exclusivity under § 31-284. The defendant also argued that no genuine issue of material fact existed regarding the exception to exclusivity set forth in *Jett* v. *Dunlap,* 179 Conn. 215, 425 A.2d 1263 (1979). In support of the motion, the defendant filed the affidavit of the defendant's president, Richard Scalise. In that affidavit, Scalise stated that he "did not intend for the plaintiff to be injured." The defendant also filed a portion of the plaintiff's deposition testimony which included the following colloquy:

"Q: Do you believe that your employer intended for you to be injured?

"A: No."

The plaintiff responded to the defendant's motion for summary judgment with the affidavit of Michael Shanok, a registered professional engineer. In his affidavit, Shanok explained that "requiring an employee to place his hands or hand into the energized machine's feed chute is knowingly calling upon him to perform an extremely dangerous act." Shanok concluded that "[t]he exercise of ordinary common sense was all that was necessary to determine that the combination of events which resulted in Mr. Suarez's injury would be, sooner or later, a predictable and probable event." Ultimately, the trial court granted the defendant's motion for summary judgment on the basis of the exclusive remedy provisions of the Workers' Compensation Act. This appeal ensued.

The plaintiff claims that the trial court misapplied the exclusivity of remedy provision embodied in § 31-284. We disagree.

We initially note that a trial court's granting of summary judgment must comport with well established standards. Practice Book § 384 provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." While the party seeking summary judgment has the burden of establishing the nonexistence of any material fact, it is nevertheless "incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Internal quotation marks omitted.) *Wadia Enterprises, Inc.* v. *Hirschfeld,* 224 Conn. 240, 247, 618 A.2d 506 (1992); *Connell* v. *Colwell,* 214 Conn. 242, 251, 571 A.2d 116 (1990). The mere presence of an adverse claim, however, will not in itself defeat the

motion. *Wadia Enterprises, Inc.* v. *Hirschfeld,* supra; *Farrell* v. *Farrell,* 182 Conn. 34, 39, 438 A.2d 415 (1980).

Section 31-284 (a) provides in pertinent part that "[a]n employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . but an employer shall secure compensation for his employees as provided under this chapter . . . . All rights and claims between employer and employees . . . arising out of personal injury . . . sustained in the course of employment are abolished other than rights and claims given by this chapter . . . ." This court and our Supreme Court have consistently held that "the exclusivity provisions of the Workers' Compensation Act operate as a total bar to actions brought by employees against employers for job related injuries. . . ." (Citations omitted; internal quotation marks omitted.) *Quimby* v. *Kimberly Clark Corporation,* 28 Conn. App. 660, 666, 613 A.2d 838 (1992); see, e.g., *Sharp* v. *Mitchell,* 209 Conn. 59, 66, 546 A.2d 846 (1988).

Our Supreme Court, however, has carved out a narrow exception to exclusivity for cases in which an employer has committed an intentional tort. The decision in *Jett* v. *Dunlap,* supra, represents the genesis of this exception. There, the court stated: "Where such wilful or serious misconduct is engaged in by an employer . . . then a plaintiff may pursue common-law remedies." Id., 221. The scope of this common law action, known as the *Jett* exception, was further delineated in *Mingachos* v. *CBS, Inc.,* 196 Conn. 91, 102, 491 A.2d 368 (1985), where the Supreme Court held that "[t]o bypass the exclusivity of the act, the intentional or deliberate act or conduct must have been *designed* to cause the injury that resulted." (Emphasis added.)

In discussing the critical element of intent, the court in *Mingachos* held that "[t]he word 'intent' . . . denote[s] that the actor *desires* to cause [the] consequences of his act, or that he *believes* that the consequences are substantially certain to follow from it." (Emphasis added; internal quotation marks omitted.) Id., 101. Further, the court in *Mingachos* refused to extend the *Jett* exception to include " 'accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of *genuine intentional injury.*' " (Emphasis added.) Id., 108, quoting 2A A. Larson, Workmen's Compensation Law (1976) § 68.13, p. 13-8; see also *American National Fire Ins. Co.* v. *Schuss,* 221 Conn. 768, 775-77, 607 A.2d 418 (1992).

We conclude that the trial court properly granted summary judgment in favor of the defendant. The defendant supported its motion for summary judgment with affidavits clearly establishing the nonexistence of "intent" as defined in *Mingachos.* The defendant's president explained that he did not intend to injure the plaintiff. Moreover, the plaintiff, in his deposition testimony, unequivocally admitted that he did *not* believe that his employer had intended to harm him. Through this evidence, the defendant met its burden of establishing the absence of "intent"—the prerequisite to liability under the *Jett* exception.

It was incumbent on the plaintiff, therefore, to establish the existence of a genuine issue of material fact regarding the applicability of the *Jett* exception. In response to the defendant's motion, the plaintiff primarily relied on the affidavit of Shanok. The strongest portions of the Shanok affidavit state that the defendant must have known of the extreme danger involved in cleaning the plastic molding machine and that sooner or later injury was likely to occur. With this evidence,

the plaintiff contends that the exclusivity provisions of the Workers' Compensation Act are inapplicable.

The plaintiff's challenge to the trial court's granting of summary judgment is predicated on the notion that, at a minimum, his employer's conduct "created a situation in which the employee-appellant's injuries were substantially likely to occur." The plaintiff's argument and evidence focuses on the *likelihood* of injury, rather than the defendant's intent to harm the plaintiff. The plaintiff's evidence failed to establish that the defendant's intentional acts were *designed* to cause injury. Nor did the plaintiff offer evidence establishing that the defendant *believed* the plaintiff's injury was substantially certain to follow from his employer's conduct. " 'Unless the employer has commanded or expressly authorized the assault, it cannot be said to be intentional from his standpoint any more than from the standpoint of any third person.' " *Perille* v. *Raybestos-Manhattan-Europe, Inc.,* 196 Conn. 529, 535, 494 A.2d 555 (1985), quoting A. Larson, supra, § 68.21.

The plaintiff also posits that the trial court misapplied the "substantial certainty" test for establishing the intent element of the *Jett* exception. This argument is unpersuasive. In its memorandum of decision, the trial court explained the substantial certainty test at some length, relying on precedent from our Supreme Court. It then concluded that "substantial certainty is not tantamount to a high probability of harm." See *Quimby* v. *Kimberly Clark Corporation,* supra, 667 (" 'high risk or probability of harm is not equivalent to the substantial certainty without which an actor cannot be said to intend the harm in which his act results' "). We agree with the trial court that "substantial certainty" as defined in *Mingachos* centers on whether the employer *believed* the injury was substantially certain to follow the employer's acts or conduct.

As previously stated, it is the nonaccidental nature of the injury that ultimately triggers the *Jett* exception. *Mingachos* v. *CBS, Inc.,* supra, 108.

Because the plaintiff failed to offer evidence supporting the application of the *Jett* exception, he has not established a factual predicate from which we can conclude, as a matter of law, that a genuine issue of material fact exists. *Wadia Enterprises, Inc.* v. *Hirschfeld,* supra, 247. Accordingly, the trial court properly granted summary judgment in the defendant's favor.

We note that the *Jett* exception is necessarily extremely limited. Our Supreme Court has "recognize[d] that over the years the legislature has worked out a complex statutory scheme in promulgating workers' compensation statutes and that [a]n integral part of this complex structure is the accepted proposition that an employee surrenders other claims for the certainty of the exclusive workers' compensation remedy." (Internal quotation marks omitted.) *Bouley* v. *Norwich,* 222 Conn. 744, 760, 610 A.2d 1245 (1992). Thus, while the plaintiff's evidence may indeed be sufficient to support a common law negligence action, it falls short of establishing a genuine intentional injury. See *Perille* v. *Raybestos-Manhattan-Europe, Inc.,* supra, 534 (while employer may have been negligent, none of plaintiff's allegations, fairly read, indicated employer genuinely intended occurrence of resulting injuries).

The judgment is affirmed.

In this opinion the other judges concurred.