[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
Nicholas Cirillo, the Plaintiffs' decedent (Decedent), died from injuries sustained while he was working for the Defendant Peabody (Employer). Mr. Cirillo was struck from behind by a car while riding on the rear of a vehicle which was driven by the Defendant Sardo and leased by the Defendant DL Peterson Trust. Because Decedent was injured in the course of employment, compensation benefits were paid pursuant to the Workers' CT Page 7089 Compensation Act. Plaintiffs claim that the Employer is also liable under a common law tort action. The Employer moves for summary judgment, claiming that Connecticut General Statutes 31-284(a), the "exclusivity" provision of the Act, bars such negligence actions against the Employer. In addition, the Employer contends that Connecticut General Statutes 31-293(a) does not support Plaintiffs' claim because the exclusivity provision controls.
The issue before the court is whether the Workers' Compensation Act bars the Plaintiffs from bringing this negligence lawsuit against the Employer, or whether the exception to the exclusivity provision of the Workers' Compensation Act applies.
In order to bypass the exclusive recovery protection under the Workers' Compensation Act, it is necessary for an employee to prove that the employer's alleged intentional act or conduct was designed to cause the injury that resulted. In other words, the employer must deliberately plan the act that produces the injury as well as intend for the injurious consequences to occur Because the Plaintiffs have failed to show any evidence by Counter Affidavit that the Defendant Employer intended to cause the Decedent's injury and death, summary judgment is granted in favor of the Defendant employer.
Connecticut General Statutes 31-284(a), known as the "exclusivity" provision, states in relevant part:
 "An employer shall not be liable in any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as provided under this chapter. . ."
31-293(a) of the Statutes enables an employee to sue a fellow employee if the wrong was "wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle. . ." However, 31-293(a) does not apply to employers. See Velardi v. Ryder Truck Rental, Inc., 178 Conn. 371 (1979).
The Workers' Compensation Act generally acts as a total bar to actions by employees against their employers regarding work related injuries. See Suarez v. Dickmont Plastics Corporation, 30 Conn. App. 630, CT Page 7090 633 (1993). However, the Connecticut Supreme Court created an exception to the exclusivity provision in Jett v. Dunlap, 179 Conn. 215 (1979). In that case, an employee, who had sustained injuries from an assault by another employee at his workplace, sought to recover further damages from the employer in a tort action, even though he had been compensated under the Workers' Compensation Act. Id., 215-16. The Court ruled against the plaintiff because the employer did not intentionally direct the defendant employee or authorize the assault. Id., 219. In dicta, the Court stated, however, that "[w]here such wilful or serious misconduct is engaged in by an employer, as identified by the standard we set forth today, then a plaintiff may pursue common-law remedies." Id., 221. The Court limited this exception to the exclusivity provision only to instances when an employer commits an intentional tort. Id., 218-21. See Suarez, supra, 636.
The Court set out a test for the Jett exception in Mingachos v. CBS, Inc., 196 Conn. 91 (1985). In accordance with the Restatement 2d of Torts, the Court said an employer's "intentional or deliberate act or conduct alleged must have been designed to cause the injury that resulted." Id., 102. Intent is broader than a desire to bring about certain consequences; it extends to consequences "which the actor believes are substantially certain to follow" from his actions. Id., 101.
In that case, the plaintiff sought to extend the narrow Jett exception to include recklessness. Id., 100. The Court distinguished "reckless" from "intentional" misconduct. While intent is a motivating factor behind a reckless act, the actor does not necessarily intend the harm or consequences that ensue. Id., 103. In finding that the plaintiff failed to demonstrate intentional injury, the Court stated in relevant part:
 "[T]he common-law liability of the employer cannot . . . be stretched to include accidental injuries caused by gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence . . . or other misconduct of the employer short of genuine intentional injury." (Citation omitted.) Mingachos, Id., 108.
In order to meet the exception, it is necessary to prove that the intentional or deliberate act or conduct alleged was designed to cause the injury that resulted. Id., 102. It is the CT Page 7091 nonaccidental nature of the injury that ultimately triggers the Jett exception. Id., 108. See Suarez, supra, at 636.
The present facts are similar to those in Mingachos. While the Plaintiffs may claim that because the Defendant Employer knew the risks involved in highway construction and, consequently, did not provide either police escorts or warning lights, that the Employer committed an intentional act, the Plaintiffs have not satisfied the Mingachos standard, namely that the employer intended to cause the decedent's fatal injury or death or that the decedent's death was substantially certain to follow its choice to allow such operations without the escort or lights.[1]
In its analysis of the Jett exception, the Court in Mingachos discussed policy reasons for the Workers' Compensation Act. Because the Act was enacted to compensate an employee for injuries sustained on the job, regardless of the employer's fault, construing the Jett exception broadly would diminish the Act's objectives. Id., 97.
To determine whether a party meets the Mingachos test, the defendant must intend: (a) the act producing the injury: and (b) the resulting injury. (Emphasis added.) Nolan v. Borkowski, 206 Conn. 495,501 (1988), citing Rogers v. Doody, 119 Conn. 532, 534 (1935).[2]
The plaintiffs have not claimed, by counteraffidavit, that the Employer intentionally refrained from providing safety precautions, or that the Employer wanted to fatally harm the Decedent. To defeat Summary Judgment there would have to be some issue of fact created by counteraffidavit as to whether the employer's conduct fell within the Jett/Mingachos exception to the exclusivity provision of the Workers' Compensation Act, General Statutes 31-275 et seq. Reckless conduct is not enough because the narrow Jett/Mingachos exception to exclusivity of the Workers' Compensation remedy requires pleading and evidence that the employer believed fatal injury to Mr. Cirillo was substantially certain to follow from the defendant employer's failure to provide a police escort or warning lights. See DiNicola v. Bayer Cadillac Oldsmobile, Inc., 12 C.L.T. 8 (1985).
For all these reasons, the Defendant Employer's motion for summary judgment is granted.
FLYNN, J.