[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE MOTION OF DEFENDANT, SECURITY SERVICES OF CONNECTICUT, INC., FOR SUMMARY JUDGMENT ON THE NINTH COUNT OF THE PLAINTIFF'S COMPLAINT
The plaintiff alleges that he sustained personal injuries on December 22, 1988, as the result of being struck by a motor vehicle while he was walking across Route 5 in East Windsor while in the course of his employment as a security guard by Security Services of Connecticut, Inc. (SSC). The ninth count of the complaint, which is directed to SSC, states that the plaintiff's injuries "were due to the willful and/or serious misconduct of [SSC], its agents, servants and/or employees [although it] knew or should have known" that its actions and conduct would result in injury to the plaintiff. The fourth special defense to the ninth count asserts that SSC has provided workers' compensation benefits to the plaintiff for the injuries he claims to have suffered as alleged in his complaint and for which he seeks damages. The defendant has moved for summary judgment on the basis of the exclusive remedy provisions of section 31-284 of the Workers' Compensation Act.
SSC filed a memorandum of law in support of its motion and submitted an affidavit of its corporate secretary, as well as excerpts from the plaintiff's June 18, 1992 deposition testimony. In opposition to SSC's motion, the plaintiff filed a memorandum of law but submitted no accompanying counter-affidavits or other documentary evidence.
Summary judgment shall be rendered "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Practice Book section 384. While the party seeking summary judgment has the burden of establishing the nonexistence of any material fact, it is "incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of CT Page 9710 law, that a genuine issue of material fact exists." Connell v. Colwell, 214 Conn. 242 at 251.
"To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." State v. Goggin,208 Conn. 606, 616-17. The mere presence of an alleged adverse claim is not sufficient to defeat a motion for summary judgment. Farrell v. Farrell, 182 Conn. 34, 39. "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book] section 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,11-12.
In Connecticut, the Workers' Compensation Act, Chapter 568 of the General Statutes (section 31-275 et seq.), provides the exclusive remedy for an employee injured in the course of employment. The "exclusivity" provision of the Connecticut Workers' Compensation Act is contained in General Statutes section31-284(a) which provides in part:
 An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . but an employer shall secure compensation for his employees as provided under this chapter. . . . All rights and claims between employer and employees . . . arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter . . ."
The Connecticut Supreme Court "has carved out a narrow exception to exclusivity for cases in which an employer has committed an intentional tort." Suarez v. Dickmont Plastics Corporation, 30 Conn. App. 630, 633. This exception, which had its genesis in Jett v. Dunlap, 179 Conn. 215, allows a plaintiff to pursue otherwise unavailable common-law remedies "[w]here such wilful or serious misconduct is engaged in by an employer . . ." Id., 221.
The Jett exception, as it has become known, was further delineated in Mingachos v. CBS, Inc., 196 Conn. 91, 102, in which the court held that "[t]o bypass the exclusivity of the act, the intentional or deliberate act or conduct must have been designed to CT Page 9711 cause the injury that resulted." Id. In Mingachos, the court refused to stretch the Jett exception "to include accidental injuries caused by gross, wanton, wilful, deliberate, intentional reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury." (Emphasis added.) Mingachos v. CBS, Inc., supra, 108.
The present case is virtually indistinguishable from Suarez v. Dickmont Plastics Corporation, supra. In Suarez, the plaintiff was an employee who was injured during the course of employment while attempting to clean a plastics molding machine and who filed a workers' compensation claim and received benefits as a result of his claim. Thereafter, he brought an action against his employer in the superior court alleging that his employer's "serious and wilful misconduct" caused his injury.
In Suarez, the defendant employer moved for summary judgment on the ground that no genuine issue of material fact existed regarding the applicability of the Jett exception to the exclusivity provisions of the Workers' Compensation Act. In support of its motion, the employer in Suarez submitted the affidavit of its president which stated that he did not intend to injure the plaintiff, as well as an excerpt from the deposition testimony of the plaintiff which stated that the plaintiff did not believe that his employer intended to hurt him. In opposition to the defendant's motion, the plaintiff in Suarez submitted the affidavit of an expert which stated that requiring an employee to place his hands into the molding machine's `feed chute is knowingly calling upon him to perform an extremely dangerous act.' Id., 632.
In Suarez, the Appellate Court held that the trial court properly granted summary judgment in favor of the defendant-employer because the employer had met its burden with affidavits clearly establishing the nonexistence of "intent" as defined in Mingachos. The court also found that despite the affidavit he submitted, the plaintiff failed to establish the existence of a material fact which would make the Jett exclusivity exception applicable.
The court held that the plaintiff's evidence focused on the likelihood of injury, but "failed to establish that the defendant's intentional acts were designed to cause [the plaintiff's] injury." (Emphasis in original.) Suarez v. Dickmont Plastics Corporation, supra, 635. Finally, the court in Suarez noted that the Jett exception is "necessarily extremely limited," and while the CT Page 9712 plaintiff's evidence may have been sufficient to support a common law negligence action, it fell "short of establishing genuine intentional injury." Id. 636.
In the present case, the defendant, SSC, has moved for summary judgment on the ninth count of the plaintiff's amended complaint based on its special defense of exclusivity, which is the same ground as in Suarez; that is, the exclusivity provisions of the Workers' Compensation Act control and the Jett exception is inapplicable. In support of its motion, SSC provided an affidavit of its corporate secretary, Louise Linsky, and excerpts from the deposition testimony of the plaintiff, Andrew Covell.
The affidavit of the corporate secretary which recites that it was made from her own knowledge and her examination of the records of SSC states that the plaintiff's injuries were not caused by any conduct of SSC and were not the result of any "willful," "intentional," or "malicious" conduct by SSC. Furthermore she states that SSC had no desire to bring about the plaintiff's injury and engaged in no intentional or deliberate act designed to cause the plaintiff's injury.
In support of its motion, SSC also filed excerpts from the plaintiff's deposition testimony which included the following colloquy:
 Q [by SSC's attorney]: The question was: Did anybody at SSC intend that you be hurt this night or any other time?
[Plaintiff's attorney]: If you know.
 A [by plaintiff]: I don't believe they intended to harm me.
Plaintiff's deposition transcript, 157. During his deposition, the plaintiff also stated that he did not believe that there was any malicious conduct on SSC's part; Plaintiff's deposition transcript, 157; nor did he believe that SSC engaged in any deliberate conduct designed or intended to injure him. Plaintiff's deposition transcript, 160.
The documentary evidence submitted by the movant in this case as in Suarez, establishes the nonexistence of the intent necessary to meet the Jett exception as clarified in Mingachos. The movant's CT Page 9713 corporate secretary stated that SSC did not intend to injure the plaintiff and the plaintiff, in his deposition, "unequivocally admitted that he did not believe that his employer had intended to harm him." (Emphasis in original.) Suarez v. Dickmont Plastics Corporation, supra, 634. Having established the absence of the intent that is a prerequisite to liability under the Jett exception the defendant has met its burden of establishing the nonexistence of a material fact. Id.
After the movant has met that burden, the plaintiff must "establish the existence of a genuine issue of material fact regarding the applicability of the Jett exception." Id. However, the plaintiff, in opposition to the defendant's motion, filed only a memorandum of law with no accompanying affidavits or documents to contradict the movant's documentary evidence.
Where the plaintiff has not even attempted to contradict the movant's documentary evidence in support of the motion for summary judgment, the court is entitled to rely on the movant's documents in deciding whether an issue of fact exists. Bartha v. Waterbury House Wrecking Co., supra, 11-12. Furthermore, in his complaint, the plaintiff does not even allege that his employer acted "intentionally", but states only that SSC's actions were "willful and/or serious misconduct."
Because the plaintiff has not offered any evidence which supports the application of the Jett exception, he has failed to establish a "factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." Connell v. Colwell, supra, 251.
Accordingly, SSC's motion for summary judgment is granted on the ninth count of the plaintiff's amended complaint based on SSC's special defense that the Workers' Compensation Act is the plaintiff's exclusive remedy.