DOROTHY H. FARRELL *v.* ALVA G. FARRELL

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and ASPELL, Js.

Argued June 5—decision released August 5, 1980

*Richard H. G. Cunningham,* for the appellant (defendant).

*Frank H. D'Andrea, Jr.,* for the appellee (plaintiff).

BOGDANSKI, J. The issue dispositive of this appeal is whether the trial court erred in granting the plaintiff's motion for summary judgment on the ground that the defendant's counter-affidavit failed to present any triable issue of fact.

The plaintiff's complaint, which sought to foreclose a judgment lien, alleged that on April 27, 1973, the plaintiff obtained a judgment against the defendant in the sum of $25,000, and to secure said sum, she caused to be filed a judgment lien against the defendant's real estate situated in Darien. The defendant filed an answer denying the allegations of the complaint and, by way of special defense, alleged that because the judgment of April 27, 1973, was procured by fraud the judgment lien was invalid.

The plaintiff thereupon moved for summary judgment asserting that there was no genuine issue as to any material fact and filed an affidavit with other

documentary proof in support of her motion setting forth the following facts: On April 27, 1973, she obtained a judgment against the defendant in the Superior Court at Stamford in the amount of $25,000. On July 24, 1973, she caused to be filed a judgment lien against the defendant's real estate; that judgment lien remains unsatisfied, and the plaintiff is in possession of the said premises. Schedule A attached to the affidavit recited that on March 9, 1973, the plaintiff had filed a motion in the Superior Court for a judgment after default resulting in the following order: "ORDER Granted — $11,200 on First Count; $14,505.98 on the Second and Third Count. Zarrilli, J. 4/27/73." Schedule B of the affidavit recited that on June 22, 1973, in the case of *Dorothy H. Farrell* v. *Alva Gene Farrell,* Superior Court, Judicial District of Fairfield at Stamford, No. 16973, a judgment lien was duly recorded on property located in Darien. Schedule C shows a recording of a quitclaim deed from the plaintiff to one William Selsberg, Trustee, on April 18, 1977, and schedule D shows that the said William Selsberg, Trustee, quitclaimed the same premises to the plaintiff on the same day.

The defendant filed a counter-affidavit[1] signed by Richard H. G. Cunningham, his attorney. In examining that affidavit the trial court observed

---

[1]                    "AFFIDAVIT
STATE OF CONNECTICUT)
                    ) ss. Stamford, July 13, 1978
FAIRFIELD COUNTY    )

I, Richard H.G. Cunningham, being duly sworn, hereby depose and say:

1. I make this statement of my own personal knowledge.

2. I am the attorney for the Defendant in the above-entitled matter.

3. I have deposed the plaintiff in the above-entitled matter and her answers are not consistent with the "Affidavit of Debt" attached

that some of the allegations of the counter-affidavit appeared to be an attack upon the underlying judgment because of purported fraud in securing the judgment. Even granting that such an attack may be made on the judgment, the trial court held that our summary judgment rules require the affidavit to "set forth such facts as would be admissible in evidence." Practice Book, 1978, § 381.[2] The court then found that paragraphs three, four, five and seven in the counter-affidavit were conclusory, setting forth no facts from which the court could infer the conclusions asserted. The court also found that

hereto which was signed in the action on which the Judgment Lien is premised.

4. On the basis of my own personal knowledge of contradictory statements of the Plaintiff, the claimed "agreement" of the Plaintiff's Affidavit of April 27th, 1973, did not exist, and said affidavit was false.

5. On the basis of my own personal knowledge, the statement made by the Plaintiff in the affidavit of April 27th, 1973, that the Defendant was bound by a Louisiana Court decision to pay support in the amount of $175 per month, was false.

6. On the basis of my own search of the Land Records of the Town of Darien, Connecticut, at the time of April 27th, 1973, the parties were joint tenants of the property in question.

7. The "Judgment" of April 27th, 1973, if not otherwise defective, is invalid because of the fact that it eliminated certain obligations of the Plaintiff to the Defendant as joint tenants and was procured by fraud on the court.

8. The Judgment of April 27th, 1973 was superceded by a Judgment of Dismissal, a copy of which is attached hereto.

9. Further the deponent testifieth not.

Richard H.G. Cunningham"

[2] Practice Book, 1978, § 381 requires that supporting and opposing affidavits should be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

An attorney should not ordinarily become a witness on behalf of his client in the same cause on a material matter. While the attorney is not disqualified from testifying, it is ethically improper. *Miller* v. *Urban*, 123 Conn. 331, 334, 195 A. 193 (1937); Code of Professional Responsibility, DR 5-101.

paragraphs six and eight reasserted allegations of defenses previously ordered expunged by the court. It thereupon granted the summary judgment from which the defendant appealed to this court.

When a motion for summary judgment[3] is filed and supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by § 380 of the 1978 Practice Book, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, summary judgment shall be entered against him. *Rusco Industries, Inc.* v. *Hartford Housing Authority,* 168 Conn. 1, 5, 357 A.2d 484 (1975). Such affidavits, documents and pleadings will be considered in determining whether there is a genuine issue as to any material fact. 10 Wright & Miller, Federal Practice & Procedure § 2722; 73 Am. Jur. 2d, Summary Judgment § 32.

Until 1963, our summary judgment procedure in Connecticut was narrowly restricted. The 1963 Practice Book, however, greatly expanded the scope of the procedure with the adoption of new rules substantially similar to the procedure provided in the federal rules. *Plouffe* v. *New York, N.H. & H. R. Co.,* 160 Conn. 482, 487, 280 A.2d 359 (1971);

---

[3] "[Practice Book, 1978] Sec. 380 —PROCEEDINGS UPON MOTION. A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the court otherwise directs. The adverse party prior to the day the case is set down for short calendar shall file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings."

Fed. R. Civ. Proc. 56 (c).[4] The presence, therefore, of an alleged adverse claim is not sufficient to defeat a motion for summary judgment. A party must substantiate his adverse claim by specifically showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue.[5] *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 377, 260 A.2d 596 (1969).

Since an evidentiary showing is indispensable, general averments will not suffice to show a triable issue of fact. Moreover, mere conclusions are insufficient as is evidence which would be inadmissible upon the trial, such as hearsay. Indeed, the whole summary judgment procedure would be defeated if, without any showing of evidence, a case could be forced to trial by a mere assertion that an issue exists.

In sum, to oppose a motion for summary judgment successfully, the defendant must recite specific

[4] The 1963 amendment to the Federal Rule of Civil Procedure 56(e) which provides that on a properly supported motion for summary judgment, an adverse party may not rest on his pleadings, but must set forth specific facts showing a genuine issue for trial, is not intended to modify the burden of the moving party. The purpose of the 1963 amendment was to overturn a line of cases, primarily in the Third Circuit, holding that a party opposing summary judgment could successfully create a dispute as to a material fact asserted in an affidavit by the moving party simply by relying on a contrary allegation to a well pleaded complaint. *Adickes* v. *S. H. Kress & Co.,* 398 U.S. 144, 159 n.20, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).

[5] "[Practice Book, 1978] Sec. 382. —WHEN APPROPRIATE DOCUMENTS ARE UNAVAILABLE. Should it appear from the affidavits of a party opposing the motion that he cannot, for reasons stated, present facts essential to justify his opposition, the court may deny the motion for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

facts in accordance with Practice Book, 1978, §§ 380 and 381 which contradict those stated in the plaintiff's affidavits and documents. *Dougherty* v. *Graham,* 161 Conn. 248, 250, 287 A.2d 382 (1971); *Dorazio* v. *M. B. Foster Electric Co.,* 157 Conn. 226, 229, 253 A.2d 22 (1968). The record reveals that the defendant failed to comply with the provisions of Practice Book, 1978, § 381.

We thus affirm the action of the trial court in concluding that the defendant's counter-affidavit failed to meet the requirements of law.

There is no error.

In this opinion the other judges concurred.