[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The named defendant moved to dismiss this action on March 2, 1990, on the ground that it was not returned to court at least six days before the return date as required by section 52-46a of the General Statutes. The return date of the action was January 30, 1990. It is claimed that the case was filed in the clerk's office on January 25, 1990, only five days before the return date.
The moving party has the burden of proof on a motion to dismiss on failure to properly commence the action, and may either rely on the court record or introduce evidence at a hearing. Barde v. Board of Trustees, 207 Conn. 59, 62; Lampasona v. Jacobs, 7 Conn. App. 639, 642. Here the defendant attached a copy of the writ, summons and complaint to the motion, and an affidavit from one of the attorneys representing the defendant was filed at the time of argument on December 3, 1990. No other evidence was offered by either side. Affidavits can be filed and relied upon for a motion to dismiss as to facts not apparent on the record. Connecticut Practice Book, section 143; Barde v. Board of Trustees, supra, 62. An attorney should not ordinarily become a witness in behalf of his client on a material matter. Farrell v. Farrell, 182 Conn. 34, 37 n. 2. The date stamp is unclear, and reads either "Jan 23 1990" or "Jan 25 1990". The statement in the affidavit that the original court papers were stamped January 25, 1990 amounts to an opinion under the circumstances here, and is disregarded, since affidavits must be based on personal knowledge and contain facts admissible in evidence. Id. The affidavit also states that the attorney pointed out to the court clerk on March 2, 1990 that the date on a photo copy was unclear and that the original papers were then restamped January 25, 1990. The attorney should not have induced this action, which was an indirect effort to enhance his client's position for the motion to dismiss filed the same day. CT Page 4848
Here, the stamp on the original writ, summons and complaint speaks for itself, clear on unclear. The first stamp on the original and the photocopy filed with the motion appear identical, which is not surprising.
How the date stamp reads is a factual issue, and the court finds that the defendant has not met its burden of proof that the stamp reads January 25, 1990. The better evidence is that it reads January 23, 1990, so that the action was filed seven days before the return date in compliance with section 52-46a C.G.S.
The motion to dismiss is denied.
ROBERT A. FULLER, JUDGE