[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 5, 1988 the defendant Consignment Marketplace executed and delivered a promissory note in the amount of $80,000. The defendants David and Barbara Rieck executed and delivered an endorsement and unconditional guaranty of full and prompt payment of the Consignment Marketplace obligation on the note. The plaintiff Connecticut National Bank is the holder of the note. The plaintiff now seeks summary judgment.
In order to obtain summary judgment, the movant must show that there is no genuine issue of material fact and that he is entitled to summary judgment as a matter of law. Catz v. CT Page 1333 Rubenstein, 201 Conn. 39, 48 (1986). A material fact is a fact which will make a difference in a case. Id.
In an attempt to defeat the plaintiff's motion for summary judgment, the defendants claim that their two special defenses raise genuine issues of fact. The defendants' first special defense asserts that the plaintiff utilized an unconstitutional procedure to deprive the defendants of their property without due process, notice or a hearing. The basis of this claim appears to be defendants' contention that Connecticut General Statutes 52-278f which authorizes a prejudgment attachment without notice or a hearing in a commercial transaction if such rights have been waived by the defendants is unconstitutional. There exists a split of authority on the issue of whether 52-278f is unconstitutional. Some courts have held that the statute is constitutional. Rhode Island Hospital Trust National Bank v. Klewin. 4 Conn. L. Rptr. No. 16, 516 (September 2, 1991, Dunn, J.): Country Lumber, Inc. v. Sorris, 3 Conn. L. Rptr. No. 17, 546 (April 22, 1991. Schaller, J.); Connecticut National Bank v. Cooke, 3 Conn. L. Rptr. No. 16, 527 (April 15, 1991, Dunnell, J.). However, another court has held 52-278f
unconstitutional. People's Bank v. Pepburn, 3 Conn. L. Rptr. No. 9, 279 (February 25, 1991, Pickett, J.). As noted in Klewin, the more persuasive authority is that which holds 52-278f
constitutional on the ground that one may waive due process rights. Klewin, 4 Conn. L. Rptr. No. 16 at 516. Therefore, it is concluded that the statute is constitutional and the defendants' first special defense cannot defeat the motion for summary judgment.
The defendants next claim that their second special defense raises a genuine issue of material fact. This second special defense is that the plaintiff breached a covenant of good faith and fair dealing with regard to the promissory note at issue. However, the defendants' only support for this claim are the conclusory allegations in defendant David Rieck's affidavit that in light of the purpose and history of the loan the plaintiff breached its covenant of good faith and fair dealing. A mere statement of a legal conclusion in an affidavit is insufficient when attempting to raise a genuine issue of fact in response to a motion for summary judgment. Farrell v. Farrell, 182 Conn. 34, 39
(1980). "Indeed, the whole summary judgment procedure would be defeated if, without any showing of evidence, a case could be forced to trial by a mere assertion that an issue exists." Id. Therefore, defendants' conclusory allegations do not defeat this motion for summary judgment.
For the reasons stated, it is concluded that no genuine issue of material fact exists and the plaintiff is entitled to judgment as a matter of law. Accordingly, summary judgment as to CT Page 1334 liability is granted for the plaintiff.
Dorsey, J.