[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The motion for Summary Judgment is granted. See Cummings Lockwood v. Gray, 26 Conn. App. 293. 297-8 (1991) (once the moving Party has filed the appropriate documents, the party opposing the motion "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Strada v. Connecticut Newspapers. Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984): Connecticut Bank Trust Co. v. Carriage Lane Associates, supra. The mere presence "of an alleged adverse claim is not sufficient to defeat a motion for summary judgment." Farrell v. Farrell, 182 Conn. 34, 39, 438 A.2d 415
(1980). Rather "the defendant must recite specific facts . . . which contradict those stated in the plaintiff's affidavits and documents." Id., 39-40.) In the absence of any specific facts to contradict those in the plaintiff's affidavits and documents, there is no issue of material fact left in the complaint to be resolved.
Additionally as to the defendant's special defense. see Shakro v. Hoddod, 149 Conn. 160, 165 (1961) (an accommodation maker is liable on the instrument to a holder for value, notwithstanding such hold at the time of taking the instrument knew him to he only an accommodation party. C.G.S. 39-30 (now42a-3-415) Catania v. Catania, 26 Conn. App. 359, 363 (1992) (because an accommodation party signs an instrument for the purpose of lending his name to another party to it, the essential character of an accommodation party is that of a CT Page 1861 surety): and see American Oil Co. v. Valenti, 179 Conn. 349353-54 (1979) (although 3-415 (3) of the Uniform Commercial Code, General Statutes 42a-3-415 (3), gives an accommodation party . . . "the benefit of discharges dependent on his character as such," neither this language nor the relevant accompanying Official Comment is especially enlightening about what sorts of discharges fall within the scope of 3-415 (3). See Peters, Suretyship under Article 3 of the Uniform Commercial Code. 77 Yale L.J. 833, 861-76 (1968). In the inevitable conflict of perspective between the law of suretyship, which views the engagement of a surety as strictissimi juris, and the law of negotiable instruments, which views the engagement of a maker as unconditionally binding, there is considerable room for case-by-case determination of what discharges are "dependent on [the] character" of an accommodation maker. The single most useful guideline that the cases and the commentators suggest is to inquire whether the conduct of the creditor has unreasonably and without authorization materially altered the risk that the surety can properly be understood to have underwritten by virtue of the suretyship commitment. See White Summers, Handbook of Law under the Uniform Commercial Code 13-14-13-17 (1972). That test weighs heavily against automatic discharge of a surety whose liability on note and contract is absolute and primary ) In the absence of any specific facts by the defendant as to why her debts would be discharged, there is no issue of material fact raised in the special defenses not otherwise sufficiently put to rest by the plaintiff's affidavits and documents left to be determined.
KATZ, J.