[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants Alvin Engelhardt and Jason Engelhardt have filed a motion for summary judgment which co-defendants Carl Wirth and William Wirth oppose. The plaintiff Kimberly Chashin was a passenger in a car owned by Alvin Engelhardt and driven by Jason Engelhardt. The Englehardt's allege that their car was "fully stopped in a line of traffic on Bloomfield Avenue due to a red traffic light at its intersection with Albany Avenue." (Affidavit para. 4.) [A]fter being stopped for a period of time in said line of traffic, the car Jason Engelhardt was operating was hit in the rear by the car which had been behind him which car had in turn been struck in the rear by the defendant Wirth's car. (Affidavit paras. 5 and 6.) Jason Englehardt was attentive to his surroundings and had been fully stopped for a lawful traffic signal at the time he was hit. (Affidavit para. 7.)
The law is clear as to what the party opposing a motion for summary judgment must do.
 Once the moving party has filed the appropriate documents, the party opposing the motion "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, CT Page 4227 477 A.2d 1005 (1984); Connecticut Bank 
Trust Co. v. Carriage Lane Associates, supra. The mere presence "of an alleged adverse claim is not sufficient to defeat a motion for summary judgment." Farrell v. Farrell, 182 Conn. 34, 39, 438 A.2d 415 (1980). Rather, "the defendant must recite specific facts . . . which contradict those stated in the plaintiff's affidavits and documents." Id., 39-40. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . The test is whether a party would be entitled to a directed verdict on the same facts. Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982)." (Citations omitted; internal quotation marks omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, supra, 781; Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990).
Once the Engelhardts set forth in affidavit those facts as stated above, the nonmoving party (Wirth) then had the duty to demonstrate the existence of a genuine issue of material fact together with evidence disclosing the existence of that fact. CBT v. Carriage Lane Assoc., supra at 781. There has been no fact cited that "will make a difference in the result of the case." Na-Mor v. Roballey, 24 Conn. App. 215, 217 (1991). While summary judgment is not appropriate to negligence cases in all instances, it is where the opposing party has nothing but a speculation of comparative negligence without a basis in evidentary fact. See Acampora v. Asselin, 179 Conn. 425 (1980).
Therefore, the Motion for Summary Judgment by Alvin Engelhardt and Jason Engelhardt as against co-defendants Carl Wirth and William Wirth is granted.
KATZ, J.