[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT
On June 23, 1993, the plaintiff, Manuel Pires, an employee of the defendant Sutton Corporation (defendant), filed a one count amended complaint alleging that on May 23, 1990, while he was working for the defendant as a laborer, he sustained a "traumatically amputated" left thumb. The plaintiff claims that he was instructed by an agent, servant and/or employee of the defendant to utilize a power saw, which was owned by the defendant, to cut through an asphalt roadway. He further claims that prior to being given the saw, the agent, servant and/or employee of the defendant removed the blade guard from the saw, replaced the blade with an in appropriate blade, and failed to secure the new blade with a washer and bolt. The plaintiff also claims that as he began to operate the altered saw, the blade dislodged itself from the saw, causing permanent injury to his left thumb. The plaintiff alleges that the defendant's misconduct was the cause of his injuries and damages. He further alleges that the defendant, "in ordering the plaintiff to use the saw in the altered condition . . . knew or believed that the consequences of his injury were substantially certain to follow from it."
On September 8, 1993, the defendant filed an answer and five affirmative defenses, the first two of which are the bases of a motion for summary judgment filed by the defendant. The first affirmative defense is that the plaintiff's cause of action is barred by §§ 52-577 and 52-584 of the Connecticut General Statutes, and the second is that the plaintiff's exclusive remedy is under the Workers' Compensation Act, pursuant to General Statutes § 31-284(a), and "further that the `employer' did CT Page 10525 not willfully injure the plaintiff."
Each party has filed an appropriate memorandum of law. In addition, the defendant has submitted the entire testimony of the plaintiff, of Bruce Higley who is an employee of the defendant, and of Joseph Rescanski, who was a construction inspector, and the affidavit of its president. The plaintiff has submitted a portion of the deposition of Mr. Higley.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507
(1994). While the party seeking summary judgment has the burden of establishing the nonexistence of any material fact, it is "incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." Connell v.Colwell, 214 Conn. 242, 251, 571 A.2d 116 (1990).
"To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." State v.Goggin, 208 Conn. 606, 616-17, 546 A.2d 250 (1988). The mere presence of an alleged adverse claim is not sufficient to defeat a motion for summary judgment. Farrell v. Farrell, 182 Conn. 34,39, 438 A.2d 415 (1980). "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book] § 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Bartha v. Waterbury House Wrecking Company, 190 Conn. 8,11-12, 459 A.2d 115 (1983).
In view of the court's ruling with respect to the second affirmative defense, as hereafter set forth, which is dispositive of the motion for summary judgment, the court will not take up the defendant's claims with respect to the first affirmative defense.
In support of its claim that summary judgment should enter based on the second affirmative defense, the defendant argues that General Statutes § 31-284(a), which is the exclusivity CT Page 10526 provision of the Worker's Compensation Act, bars the plaintiff's action.
The plaintiff argues in opposition that the defendant intentionally caused his injuries, and therefore the exception to the exclusivity provision of General Statutes § 31-284
applies, and he is not barred from bringing a common law tort action.
Section 31-284 of the General Statutes, the so-called "exclusivity" provision of the Workers' Compensation Act, provides in part that:
 [a]n employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . but an employer shall secure compensation for his employees as provided under this chapter. . . . All rights and claims between employer and employees . . . arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter. . . .
The exclusivity provision of General Statutes § 31-284 has been interpreted as a "total bar to common law actions brought by employees against employers for job related injuries. . . ."Suarez v. Dickmont Plastics Corp., supra, 229 Conn. 106. Nevertheless, "one narrow exception . . . exists when the employer has committed an intentional tort or where the employer has engaged in serious misconduct." Id., citing Jett v. Dunlap,179 Conn. 215, 217, 425 A.2d 1263 (1979).
In order "[t]o bypass the exclusivity of the act, the intentional or deliberate act or conduct alleged must have been designed to cause the injury that resulted." Mingachos v. CBS., supra, 196 Conn. 102. The Jett exception does not "include accidental injuries caused by gross, wanton, willful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of genuineintentional injury." (Emphasis added.) Mingachos v. CBS, Inc., supra, 196 Conn. 108.
"The intentional injury aspect may be satisfied if the CT Page 10527 resultant bodily harm was the direct and natural consequence of the intended act." Suarez v. Dickmont Plastics Corp., supra,229 Conn. 109. "The known danger involved must go from being `a foreseeable risk which a reasonable man would avoid and become a substantial certainty.'" Id., quoting W. Prosser, Torts (4th Ed. 1971) § 8 p. 32.
"[I]ntent refers to the consequences of an act . . . [and] denote[s] that the actor desires to cause [the] consequences of his act, or that he believes that the consequences are substantially certain to follow from it." (Citation omitted; internal quotation marks omitted.) Mingachos v. CBS, Inc., supra,196 Conn. 101. "An intended or wilful injury does not necessarily involve the ill will or malevolence shown in express malice, but it is insufficient to constitute such an [intended] injury that the act . . . was the voluntary action of the person involved." (Internal quotation marks omitted.) Suarez v. Dickmont PlasticsCorp., supra, 229 Conn. 109. "Both the action producing the injury and the resulting injury must be intentional." Id. "A wilful or malicious injury is one caused by design. Wilfulness and malice alike import intent . . . [Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances." (Internal quotation marks omitted.) Nolan v. Borkowski, 206 Conn. 495, 501,538 A.2d 1031 (1988).
The plaintiff claims that the present case is similar toSuarez v. Dickmont Plastics Corp., supra, 229 Conn. 99, in which the court held that summary judgment was inappropriate under the circumstances of that case. However, in Suarez, unlike this case, the plaintiff submitted documentary evidence that gave rise to a material issue of fact as to whether the employer intentionally created a substantial certainty of the plaintiff's injury so as to satisfy the narrow exception to the exclusivity provision. This case is distinguishable from Suarez in that the plaintiff in this case has submitted no evidence supporting his contention that the circumstances of this case fall within that narrow exception.
The present case is similar to Nolan v. Borkowski, supra,206 Conn. 495. In Nolan, the plaintiff was an employee who was injured in the course of employment while performing heavy physical work in violation of her physician's orders. Id., 497. She brought an action against her employers alleging that they caused her injuries by wilfully and maliciously requiring her to CT Page 10528 perform heavy physical labor. Id.
The defendant employers moved for summary judgment on the ground that no genuine issue of material fact existed regarding the applicability of the Jett exception to the exclusivity provisions of the Workers' Compensation Act. Id. In support of their motion, the employers submitted their sworn affidavits. Id. In their respective affidavits, the employers denied that they had wilfully and/or maliciously disobeyed any doctor's instructions regarding the plaintiff and denied that there was any intent on their part to cause harm to the plaintiff. Id., 499. The plaintiff submitted her affidavit, her deposition and her husband's deposition in opposition to the motion. Id., 498-99.
In Nolan, the court held that the trial court properly granted summary judgment in favor of the defendant employers because the plaintiff failed to put into dispute the defendants' affidavits denying any intent to cause injury. The court in Nolan
acknowledged that in Batick v. Seymour, 186 Conn. 632,443 A.2d 471 (1982), the court had declared that summary judgment procedure is particularly inappropriate where the case presents questions of motive, intent and subjective feelings and reactions. Nolan v. Borkowski, supra, 206 Conn. 505. The court inNolan stated, however, that it would not read Batick as holding that summary judgment may never be rendered in a case involving intent. Id. The Nolan court held that the documentation filed in that case "reveals the lack of a genuine issue of the material fact of intent when viewed in the circumstances of the case." Id., 506. The court reasoned that "[v]iewed as a whole and in context, the [plaintiff's] testimony is too speculative, too conjectural, to be evidence of [intent]." Id., 507.
In the present case, the defendant submitted the affidavit of John Davagian, who is the defendant's president, and the depositions of the plaintiff, the construction supervisor Bruce Higley, and the construction inspector Joseph Rescanski.
The deposition testimony of the plaintiff himself indicates that the defendant neither intended to injure the plaintiff nor had knowledge that there was a substantial certainty that the plaintiff would be injured. The plaintiff's deposition testimony contains the following passage:
Q: Mr. Pires, did you ever believe that one CT Page 10529 of the supervisors for Sutton Corporation wanted to physically harm you?
 A: No, I don't believe that he wanted to hurt me, personally, but I think he pressed the wrong button in the machine. But I don't think that he wanted to hurt me.
(Pires deposition transcript, p. 10.)
The defendant also submitted the deposition of Higley, in which he stated that nobody at Sutton wanted to harm the plaintiff, that he did not see that by his taking the blade off of the saw that he was going to endanger the plaintiff, that he had never previously experienced an accident of similar magnitude, that he did not know that a saw blade could disintegrate in the manner which occurred, and that he did not make the modifications to the saw so that it would injure or be substantially certain to injure the plaintiff.
In addition, the defendant submitted Davagian's affidavit in which he stated that the plaintiff's injuries were not caused by any deliberate conduct of the defendant that was intended to injure the plaintiff, and that they were not the result of any willful, intentional or malicious conduct by the defendant. Davagian further stated that the defendant had no desire to bring about the plaintiff's injury and did not engage in any intentional or deliberate act designed to cause plaintiff's injury.
The documentary evidence submitted by Sutton in this case, as in Nolan, establishes the nonexistence of the intent or any facts necessary to meet the Jett exception as explained in Mingachos
and Suarez.
After the movant has met its burden of establishing the nonexistence of an issue of material fact, the plaintiff must "by affidavit or otherwise as provided by § 380 of the 1978 Practice Book, set forth specific facts showing that there is a genuine issue for trial." Farrell v. Farrell, 182 Conn. 34, 38,438 A.2d 415 (1980). The only documentary evidence filed by the plaintiff is three pages from the Higley deposition, already filed by the defendant. In that portion of his deposition Higley conceded that his removal of the blade guard "significantly had something to do with" causing the accident. In his memorandum the CT Page 10530 plaintiff refers to other portions of the documentary evidence submitted by the defendant in support of his claim that there is a question of material fact with respect to whether the circumstances of this case call for the application of the Jett
exception. The evidence to which the plaintiff refers tends to show that Higley was negligent in doing what he did with the saw. However, this evidence utterly fails to afford a basis under which the trier could find that Higley's conduct was substantially certain to cause the injury which resulted.
The court finds that the plaintiff has not offered any evidence that supports the application of the Jett exception, and therefore he has failed to establish a "factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." Connell v. Colwell, supra,214 Conn. 251.
Since the defendant has established that there is no genuine issue of material fact relating to the second affirmative defense, the defendant's motion for summary judgment should be granted based on its special defense that the Workers' Compensation Act is the plaintiff's exclusive remedy.
Hadden, J.