[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant Robertson-Ceco Corp. ("Ceco") has moved for summary judgment as to the plaintiff's claim that it is liable for injuries he sustained when he fell from an allegedly defective ladder at a construction worksite on May 25, 1990. In his complaint, the plaintiff alleges that defendant Robertson-Ceco Corporation was negligent in "designing, building, constructing and maintaining the ladder in a dangerous and defective condition's and that its negligence caused the injuries he alleges to have suffered.
The movant claims that it did not design, construct, build or maintain the ladder at issue, that it was not in control of the worksite at the time of the injury, and that it cannot therefore be found liable.
Standard for Summary Judgment
CT Page 1763
Summary judgment is appropriate when it is clear what the facts are, that there are not disputed issues of material fact, and that the facts entitle the movant to relief as a matter of law. Practice Book § 384; Suarez v. Dickmont Plastics Corp. ,229 Conn. 99, 105 (1994). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts. Connell v. Colwell,214 Conn. 242, 246-47 (1990).
Discussion
In support of its motion, Robertson-Ceco Corp. has filed the following materials, pursuant to Practice Book § 380:
1. The text of its agreement with Cleveland Cement Contractors, Inc. by which Robertson-Ceco Corp. obligated itself to furnish "the necessary materials and labor for the erection and removal of form work" for listed items of poured-in-place reinforced concrete.
2. The affidavit of Thomas R. Fogg, district manager of the movant's construction division, Ceco Concrete Construction. Mr. Fogg states in that affidavit that all ladders that the movant brought to the worksite were taken away from that site in February 1190, several months before the plaintiff's fall. Mr. Fogg further avers that the ladder which the plaintiff was using did not belong to Ceco and was not constructed "by Ceco or any of its entities."
3. Excerpts from the deposition of Gabriel Suscietto. This witness testified that he built all the ladders on the worksite other than the green ladders brought to the site by Ceco. This witness testified that Ceco's ladders were constructed differently from the ladders he built. Mr. Suscietto testified that he was employed first by Turner Construction and then by Cleveland Cement Contractors, Inc.
In response to Ceco's motion for summary judgment, the plaintiff has filed the following:
1) the same contract that the movant filed,
2) Excerpts from the deposition of Gabriel Suscietto. The excerpts appear to be of the same pages excerpted by the movant. CT Page 1764 None of the excerpts filed by the plaintiff indicates in any way that he was an agent or employee of Ceco or that Ceco made, designed or maintained the ladder at issue.
3) The responses of Turner Construction Co. to requests for admission made in Capodanno v. Turner Construction et al, CV 91-0317408, in which another plaintiff sued to recover damages when he fell in the same incident as the plaintiff in this case, likewise alleging that his injuries were caused by the defective ladder. In its responses, Turner Construction Co. denies that it "was responsible for maintaining the ladder involved in this cases" and denies that Gabriel Suscietto was its employee or that he was acting under its direction at the time.
4) A release by Turner Construction Company to Ceco as to any claim arising from any use of equipment owned or provided by Ceco.
The plaintiff has filed no affidavits or other materials that would constitute proof that the ladder at issue belonged to, or was designed or built by Ceco or that Ceco was in control of its use at the time of his injury.
Both the movant and the plaintiff have urged this court to review and rely on excerpts from the Suscietto deposition, and any issues concerning admissibility for purposes of this motion, or conformity with P.B. § 380 et. seq. are therefore deemed waived.
The fact that the movant claims to have established is that there is no genuine issue that it did not design or build or have a duty to maintain as of May 1990 the ladder that the plaintiff claims caused his injury. The plaintiff takes the position that the movant must establish not only that it was not responsible for the ladder but which of the other contractors working on the site was. The plaintiff is mistaken. The movant's burden pursuant to Practice Book § 380 is limited to establishing the absence of any issue of fact and what the facts are with respect to its own liability, not that of other parties.
The plaintiff has not invoked Practice Book § 382, which allows a party opposing summary judgment to seek a continuance because of some inability to present facts necessary to counter the movant's showing, however the plaintiff has presented no specific facts which contradict the information offered by the movant to the effect that its ladders were all off the site before the incident at issue. CT Page 1765
The Supreme Court has noted that the mere presence of an alleged adverse claim is not sufficient to defeat a motion for summary judgment; Farrell v. Farrell, 182 Conn. 34, 39 (1980); and that the party opposing the motion "must recite specific facts . . . which contradict those stated in the [movant's] affidavits and documents. Id., 39-40;" Bassin v. Stamford, 26 Conn. App. 534
(1992); Cummings and Lockwood v. Gray, 26 Conn. App. 293 (1991).
The uncontroverted submissions by the movant establish that it was neither the designer nor the builder nor the party on the site in charge of maintaining ladders at the time of the injury at issue and the plaintiff has not presented any demonstration of a genuine issue of fact to the contrary.
The movant is not, on the facts shown, liable for the plaintiff's injuries and losses.
The motion for summary judgment of defendant Robertson-Ceco Corp. is granted.
Beverly J. Hodgson Judge of the Superior Court