[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By a two count amended complaint dated September 18, 1990, the plaintiffs, Michael and Linda Rosa, brought an action in negligence against the defendant Richard Heibler. Count one of the complaint alleges that on November 3, 1989, the defendant, while engaged as a subcontractor, negligently discarded a six foot header beam by throwing it out of a second floor window, striking Michael Rosa, and causing him injury. Count two of the complaint further alleges CT Page 3709 that as a result of the defendant's negligence, Linda Rosa has suffered the loss of consortium of her husband.
On October 9, 1990, the defendant filed an answer and two special defenses on the grounds that (1) the plaintiff Michael Rosa and the defendant are fellow employees, and therefore, the action is barred by General statutes § 31-293a; and (2) that Michael Rosa's injuries were caused by his own negligence.
On June 24, 1994, the defendant filed a motion for summary judgment on the ground that the action is barred by § 31-293a, because Michael Rosa and the defendant are fellow employees. In support of the motion the defendant filed a memorandum of law, an affidavit of the defendant dated June 21, 1994, and copies of pages of the transcript of the deposition of Michael Rosa. On July 15, 1994, the plaintiffs filed a memorandum of law in opposition to the motion for summary judgment and an affidavit of the plaintiff Michael Rosa dated July 14, 1994.
Pursuant to Practice Book § 384 summary judgment shall be granted "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994). "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." (citations omitted.) Burns v. Hartford Hospital,192 Conn. 451, 455, 472 A.2d 1257 (1984); Farrell v. Farrell, 182 Conn. 34,39, 438 A.2d 415 (1980). In determining whether an issue of material fact exists, the evidence is considered in the light most favorable to the nonmoving party. Strada v. Connecticut Newspaper,Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984).
The defendant contends that both he and the plaintiff were employed by MMR Construction, Inc. (MMR). In his affidavit the defendant attends that: he was hired by the plaintiff, who is the president of MMR, to perform work on the premises located on Dewart Road, Greenwich, Connecticut; the plaintiff met with him and other workers to discuss job progress each morning, and that attendance of these meetings was a requirement of the defendant's job; he was paid by the hour, on a weekly basis, by MMR and that MMR did not withhold taxes; he had an oral contract with MMR; on November 3, CT Page 3710 1989 he operated his own business "Richard E. Heibler Builder"; in October and November 1989, he worked on at least six projects where MMR was supervising his work and it was customary for MMR to hire him; he used tools belonging to MMR, as well as his own tools; and MMR had the right to fire him.
In his affidavit, the plaintiff Michael Rosa attests that: he is an officer, director and the sole shareholder of MMR; the defendant was not an employee of MMR; payroll deductions were not taken from the payments MMR gave to the defendant for his services as a subcontractor; the defendant was not included in MMR's workers' compensation coverage; the defendant was not provided with health insurance coverage; the defendant operated his own business, for which he maintained liability insurance; the defendant used his own tools and set his own hours for working; MMR hired the defendant d/b/a Heibler Construction, as a subcontractor in connection with the remodeling job at Dewart Road; MMR did not get involved in the defendants day-to-day routine as a subcontractor; the defendant kept track of his hours and was paid based on the hours he worked; the defendant determined what days, and how many days, he would work; and the defendant did not work solely for MMR, but did work for other general contractors and homeowners.
A genuine issues of material fact exist as to whether the defendant was employed by MMR, and accordingly, whether the plaintiff Michael was a "fellow employee". Therefore, summary judgment is denied.
KARAZIN, J.