[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The City of Danbury initiated this tax foreclosure action against Paul Rullo; Igho and Chanrany Evuen; and Union Savings Bank of Danbury, by a six count amended complaint filed on April 21, 1995. Paul Rullo and the Union Savings Bank have defaulted. As to the first four counts of the complaint, the Evuens have admitted that they are the record owners of real property identified in the complaint and tax liens as lot number G15288 in the City of Danbury. They have, however, denied the accuracy of the physical description of the property, which is not written on the liens. They have also denied that they still owe taxes and that the plaintiff has filed and recorded the liens. The Evuens did not answer the last two counts which assert the same allegations as the first four counts plus some additional tax liens.[1] The city has now moved for summary judgment against the Evuens.
"In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to decide whether any such issues exist." (Citations omitted; internal quotation marks omitted.) Dolnack v. Metro-NorthCommuter Railroad Co., 33 Conn. App. 832, 838 (1994). Under Practice Book § 384, "[t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Citations omitted; internal quotation marks omitted.) Haesche v. Kissner, 229 Conn. 213, 217
(1994). "The presence, therefore, of an alleged adverse claim is not sufficient to defeat a motion for summary judgment." Farrellv. Farrell, 182 Conn. 34, 39 (1980). "[T]he opposing party must substantiate its adverse claim with evidence disclosing the CT Page 5118-ZZ existence of . . . [a genuine] issue." Haesche v. Kissner, supra,229 Conn. 217. "[I]f he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." (Citations omitted; internal quotation marks omitted.)Catz v. Rubenstein, 201 Conn. 39, 49 (1986).
In support of the City's motion for summary judgment, the City has attached an affidavit from the Tax Collector for the City of Danbury setting forth the amount of unpaid taxes owed. The motion also includes certified copies of all of the tax liens raised in the complaint. Each lien identified the property as being lot G15288. No other description of the property is to be found on the liens.
A genuine issue of "material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Citations omitted; internal quotation marks omitted.) United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 379 (1969). In this case, the parties agree that lot G15288 is the property addressed by this proceeding.[2]
Additionally, the lot number is the means by which the property is identified in the liens. Therefore, the description of the property is denied by the Evuens is not material to this case.
As to the remaining facts in the case, the Evuens have provided no documentation or other information suggesting that an issue of fact exists nor have they challenged the evidence accompanying the plaintiff's motion. The plaintiff has met its burden of demonstrating that there is no material issue of fact and that they are entitled to judgment as a matter of law.Haesche v. Kissner, supra, 229 Conn. 217; Catz v. Rubenstein,
supra, 201 Conn. 49.
The motion for summary judgment is, accordingly, granted.
Moraghan, J.