[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT NO. 109
On September 23, 1994, the plaintiff, Charles Pickel, Jr., filed a four count complaint against the defendant, Porter and Chester Institute, Incorporated. The defendant operates an automotive repair school which the plaintiff attended. While attending the school on May 26, 1994, a fellow student drove a car into the shop area of the school and struck the plaintiff injuring him. The defendant has moved for summary judgment as to the second count. The second count asserts that the parties entered into a written contract for paid instruction at the school and that the defendant breached the contract by failing to "provide a safe environment for instruction." The plaintiff has not objected to the defendant's motion.
"Summary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." Plouffe v. New York,N.H. H.R. Co., 160 Conn. 482, 487, 280 A.2d 359 (1971). "In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to decide whether any such issues exist." (Citations omitted; internal quotation marks omitted.) Dolnack v.Metro-North Commuter Railroad Co., 33 Conn. App. 832, 838,639 A.2d 530 (1994). Under Practice Book § 384, "[t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and CT Page 5118-SSS that the moving party is entitled to judgment as a matter of law."
The trial court must view the evidence in the light most favorable to the nonmoving party. Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994). The presence, however, of an alleged adverse claim is not sufficient to defeat a motion for summary judgment. Farrell v. Farrell,182 Conn. 34, 39, 438 A.2d 415 (1980). The opposing party must substantiate its adverse claim with evidence disclosing the existence of a genuine issue.Haesche v. Kissner, supra, 229 Conn. 217. "[I]f he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986).
In support of its motion, the defendant emphasizes that the contract appended to the complaint does not include any terms relating to a "safe environment for instruction," and the plaintiff has not provided any evidence that such an agreement arose by contract as alleged in the complaint. While implied terms may be deemed a part of a written contract, such as the implied covenant of good faith and fair dealing,Verrastro v. Middlesex Ins. Co., 207 Conn. 179, 190, 540 A.2d 693 (1988); the court can find no authority for implying provision of a safe environment into a contract, nor has the plaintiff provided any basis for the court to do so. This duty is more in the nature of tort law than contract law, unless the duty is expressly made a subject of the parties' contractual agreement. See, e.g., Gore v. People's Savings Bank,235 Conn. 360, 375, 665 A.2d 1341 (1995) ("[T]he common law imposes on landlords . . . a duty to maintain in a reasonably safe condition those areas of their premises over which they exercise control . . . .").
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted, internal quotation marks omitted.) Connecticut Bank TrustCo. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334 (1991). There is nothing to substantiate the plaintiff's claim in the second count. There is no material issue of fact as to whether the contract includes a requirement to provide a safe environment — it does not. Therefore, because the duty was not made a subject of the contract, any breach, as asserted by the plaintiff, would not constitute a violation of the contract.
Accordingly, the defendant's motion for summary judgment as to the second count of the complaint is granted.
Stodolink, J. CT Page 5118-TTT