[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
On June 25, 1999, the plaintiff property owner commenced this suit seeking a declaratory judgment on the validity of various tax liens that the defendant city recorded against its property. The relevant facts, which are not in dispute, are as follows.
On June 10, 1994, the Federal Deposit Insurance Corporation (FDIC) was appointed receiver for the Bank of Hartford, which had become insolvent. FDIC succeeded to all of the rights, titles and powers of the bank's assets, including a mortgage encumbering the property at 37 Huntington Street, Hartford, Connecticut (property).
The FDIC thereafter initiated a foreclosure of the said mortgage and a judgment of foreclosure by sale was entered on June 17, 1997. On August 24, 1998, the FDIC assigned the mortgage, note and judgment of foreclosure by sale to Atlantic National Trust, LLC. The property subsequently was sold at auction to Atlantic. On January 11, 1999, the court in the foreclosure action approved the sale of the property to Pier Properties, Inc. which in turn, sold the property to the plaintiff on or about May 21, 1999.
Between May 22, 1996, and June 1, 1998, the defendant, City of Hartford recorded three separate tax liens on the property for unpaid real estate taxes assessed on the 1994, 1995 and 1996 lists. The FDIC, as receiver of the bank, held a mortgage interest in the property from June 10, 1994, to August 24, 1998, during which time the said real estate taxes accrued on the property. On or about April 23, 1999, the defendant city notified Pier that the property would be sold for unpaid taxes pursuant to General Statutes § 12-157, which provides in relevant part:
 "When a collector levies one or more tax warrants on real estate, he shall prepare notices thereof, containing the name of the taxpayer, a legal description of the real property, upon which taxes are due, the amount of the tax or taxes due . . . and the time and place of sale. The collector shall . . . [send a copy of the notice] by certified mail, return receipt requested, to the taxpayer and each mortgage, lienholder and other record encumbrancer of record whose interest will be affected by the sale."
The plaintiff now moves for summary judgment on the ground that12 U.S.C. § 1825 (b) prohibits the attachment of involuntary CT Page 1935 liens on properties in which the FDIC, in its capacity as a receiver, holds a mortgage interest. The defendant also moves for summary judgment, arguing that § 1825(b) does not prohibit the attachment of tax liens on properties in which the FDIC has a mortgage interest, but rather the section prohibits the attachment of liens on properties to which the FDIC holds a fee simple interest.
12 U.S.C. § 1825 (b) provides in relevant part:
 "When acting as a receiver, the following provisions shall apply with respect to the Corporation:
 (1) The Corporation . . . shall be exempt from all taxation imposed by any State, county, municipality, or local taxing authority, except that any real property of the Corporation shall be subject to State, territorial, county, municipal, or local taxation to the same extent according to its value as other real property is taxed, except that, notwithstanding the failure of any person to challenge an assessment under State law of such property's value, such value, and the tax thereon, shall be determined as of the period for which such tax is imposed.
 (2) No property of the Corporation shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Corporation, nor shall any involuntary lien attach to the property of the Corporation.
 (3) The Corporation shall not be liable for any amounts in the nature of penalties or fines, including those arising from the failure of any person to pay any real property . . . tax . . . ."
 Both parties in disagreeing on the interpretation of these statutes have filed affidavits supporting their positions:
 The plaintiff relies, in part, on the affidavit of Todd Zimmerman, a manager at Atlantic, which largely reiterates the plaintiff's allegations put forth in the complaint. The defendant relies, in part, on the affidavit of William Donlin, tax collector for the City of Hartford, in which Donlin attested to the following facts. On May 22, 1996, the defendant recorded a tax lien of $17,531.48 against the property for unpaid taxes assessed on the October 1, 1994 list. The defendant recorded subsequent tax liens in the amounts of $34,013.19, $32,963.40 and $31,367.72 for unpaid taxes assessed on the October 1, 1995, 1996 CT Page 1936 and 1997 lists, respectively. On each date that taxes were assessed, Parallel Associates, Inc., was the record owner of the property. On May 22, 1996, May 28, 1997, and June 1, 1998, the dates on which the defendant recorded tax liens for unpaid taxes owed on the 1994, 1995 and 1996 lists, Parallel Associates, Inc., was the record owner of the property. The plaintiff was, however, the record owner of the property on May 28, 1999, the date on which the defendant recorded the most recent lien for taxes owed on the 1997 list. Although the property originally was slated for a tax sale on June 10, 1999, the defendant subsequently removed the property from the sale list.
 I
Before considering the substantive issues raised in the parties respective motions for summary judgment, the defendant challenges the adequacy of the affidavit of Todd Zimmerman, submitted by the plaintiff, the defendant claiming that paragraphs twenty-six through twenty-nine of the affidavit should be stricken on the ground that they allege legal conclusions.
Paragraph twenty-six states: "Property in which the FDIC holds an interest is also covered by the involuntary lien prohibition contained in 12 U.S.C. § 1825 (b)(2)." Paragraph twenty-seven states in relevant part that "Hartford was prohibited from recording or placing any involuntary lien on the Property for taxes accruing during. [the period in which the FDIC held a mortgage interest in the property]." (Id., ¶ 27.) Paragraph twenty-eight states in relevant part: "Notwithstanding the prohibition set forth in 12 U.S.C. § 1825 (b)(2). . . ." (Id., ¶ 28.) Paragraph twenty-nine states: "All of the aforementioned tax liens on the Property, sought to be foreclosed by Hartford are therefore void and invalid."
Practice Book § 17-46 provides that an affidavit in support of a motion for summary judgment "shall be made on personal knowledge . . . [and] shall set forth such facts as would be admissible in evidence. . . ." "In deciding a motion for summary judgment, the court must consider only the factual statements contained in the affidavit. Compass Bank for Savings v. Katz, Superior Court, judicial district of New London at New London, Docket No. 536458 (March 11, 1997, Booth, J.) Paragraphs twenty-six through twenty-nine of the affidavit, clearly, set forth conclusions of law regarding the interpretation and application of 12 U.S.C. § 1825 (b)(2). Legal conclusions CT Page 1937 are not factual in nature, and therefore will be disregarded. SeeFarrell v. Farrell, 182 Conn. 34, 39, 1980).
 II
Defendant also argues that 12 U.S.C. § 1825 accords rights solely to the FDIC, which the plaintiff may not assert on the FDIC's behalf. The plaintiff argues that, as a successor interest in the property, it may assert FDIC's rights under § 1825.
Federal courts decisions have held that federal banking regulations can be applied for the benefit of an assignee, purchaser or successor in interest of the FDIC. See Beal Bank,SSB v. Nassau County, 973 F. Sup. 130, 134 (E.D.N.Y. 1997);Federal Savings Loan Ins. Corp. v. Griffin, 935 F.2d 691, 698
(5th Cir. 1991), cert. denied, Griffin v. First Gibraltar Bank, FSB, 502 U.S. 1092, 112 S.Ct. 1163, 117 L.Ed.2d 410 (1992); S1IL304 Ltd. Liability Co. v. ANB Cust. For LG, 971 F. Sup. 353, 356
(N.D. Ill. 1997). Prevailing case law supports the plaintiff's view that under the present circumstances it may assert FDIC's substantive rights under § 1825.
 III
The substantive issue is whether 12 U.S.C. § 1825 (b) prohibits the recording of liens on property on which the FDIC, in its capacity as a receiver, holds a mortgage interest. Since Section 1825 is a federal statute we look to relevant decisions of both federal and other state courts which may guide our interpretation of its provisions. Remick v. Lobes, 203 Conn. 494,498, (1987).
Section 1825(b)(1) provides in relevant part that "[t]he Corporation . . . shall be exempt from all taxation imposed by any . . . municipality . . . except that any real property of the Corporation shall be subject to municipal . . . taxation to the same extent according to its value as other real property is taxed. . . ." Subdivision (2) further provides: "No property of the Corporation shall be subject to levy, attachment, garnishment, foreclosure, or sale without consent of the corporation, nor shall any involuntary lien attach to the property of the Corporation."
Under this language, which is clear and unambiguous, the FDIC is subject to taxes on its real property, which are based on the CT Page 1938 actual value of such property, in the same manner as other real property. Additionally, the FDIC's property may not be subjected to attachment, foreclosure or sale without the consent of the FDIC, nor shall any involuntary lien attach to such property.
Since § 1825 is a federal statute we look to relevant decisions of both federal and other state courts for further interpretation of its provisions. Remick v. Lopes, 203 Conn. 494,498, (1987).
The phrase "property of the Corporation" has been held to refer to fee ownership of real estate by the FDIC or the holding of a lien interest. Casino Reinvestment Development Authority v.Cohen, 321 N.J. Super. 297, 302, 728 A.2d 868 (1998); see alsoSimon v. Cebrick, 53 F.3d 17, 21 (3rd Cir. 1995); cf. MatagordaCounty v. Russell Law, 19 F.3d 215, 221 (5th Cir. 1994), in which the court found that "property" embraces both fee and lien interests. It is undisputed that the FDIC's interest in the property, 37 Huntington Street, was a security interest in the form of a mortgage. FDIC never acquired an ownership interest in the property and, therefore, the title to the fee never became the "property of the Corporation. The only "property of the Corporation" that the FDIC acquired was a lien interest by reason of the mortgage held by Parallel Associates.
Although Connecticut adheres to the title theory of mortgages, our courts "have recognized that the law of mortgages is built primarily on a series of fictions as a convenient means of defining the various estates to which conveyances may give rise.Red Rooster Construciton Co. v. River Associates, Inc.,224 Conn. 563, 569, (1993).
In that case our Supreme Court stated:
 "Despite our title theory of mortgages, fun substance and effect . . . and except for a very limited purpose, the mortgage is regarded as the sole owner of the land. . . . The mortgagee has title and ownership enough to make his security available, but for substantially all other purposes he is not regarded as owner, but the mortgagor is so regarded, always subject of course to the mortgage."
Moreover, under Connecticut law, liens for delinquent real estate taxes attach to the real property. See General Statutes § 12-172 which states in relevant part: CT Page 1939 "The interest of each person in each item of real estate . . . shall be subject to a lien for that part of his taxes laid upon the valuation of such interest."; see also United States v. NewBritain, 347 U.S. 81, 84, 74 S.Ct. 367, 98 L.Ed. 520 (1954).
Accordingly, it is concluded that the defendant's tax liens attached to the underlying property, in which the FDIC never had an ownership interest. Therefore, although there is some case law to the contrary, it is our further conclusion that § 1825(b) (2) does not act as a bar to attachment of tax liens on the underlying property during the period that the mortgage was held in receivership by the FDIC. Casino Reinvestment DevelopmentAuthority, supra, 321 N.J. Super. 302.
Plaintiff's motion for summary judgment is denied.
Defendant's motion for summary judgment is granted.
Jerry Wagner Judge Trial Referree