[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Mitchell Shakun has brought a complaint in four counts against the defendant Temco Building Maintenance, Inc. The plaintiff complains about the defendant's reassignment of his employment from Bradley Airport in Windsor Locks to Temco's Stamford, Connecticut office. The plaintiff alleges that this reassignment was a constructive termination of employment. The plaintiff's complaint alleges (1) breach of an oral employment contract, breach of an implied covenant of good faith and fair dealing, and/or constructive discharge; (2) breach of contract; (3) intentional infliction of emotional distress and/or (4) negligent infliction of emotional distress.
FACTS
In January 2000, Temco's operation manager, Lenny Carde, interviewed the plaintiff for possible employment with Temco Services Industries, Inc. and hired him on January 27, 2000 as a project manager. Temco assigned Shakun to Bradley International Airport where Temco was providing janitorial and carpet cleaning services to each of the terminals and concourses. In the summer of 2000, Temco received a complaint from its client about Shakun's performance and in response to that complaint transferred him to its Stamford office. Citing family obligations, Shakun refused the transfer to the Stamford office, terminated his employment, and commenced this civil action.
The defendant has filed an affidavit signed by Lenny Carde containing the following statements:
"4. Shakun was not hired for any definite period of duration.
5. Shakun's employment with Temco was terminable at will: just as Shakun could terminate his employment with Temco at any time, so could Temco terminate his employment at any time."
CT Page 13983
The defendant also filed interrogatories. Those interrogatories included the following:
"Interrogatory No. 1 With respect to the allegations contained in paragraph one of the first count of the complaint: Identify and describe the `oral employment contract.'
1. I was interviewed by Lenny Carde, operations manager for Temco. The interview was held in January of 2000. I was to be hired as project manager for both terminals at Bradley International Airport. I was told that they were in the first year of a three year contract. I was being hired for a 48 hour week. I also signed a no conflict agreement."
The plaintiff filed an affidavit which contains the following statements:
"3. At all times material hereto, I was an employee of the defendant Temco Service Industries, Inc. (hereinafter referred to as Temco) pursuant to a valid oral employment contract.
Incorporated into this valid oral employment contract, was a covenant of good faith and fair dealing. . . .
9. On January 13, 2000, myself and defendant entered in a contract for me to be the head administrator of defendant's responsibilities at Bradley Airport. . . .
11. By the described actions, (the reassignment) defendant effectively terminated my employment during the term of the contract. By including in the contract the provision that I would be in exclusive charge of the subject property, and defendant intended that I serve as the exclusive manager of defendant's responsibilities at the subject property, and not in any lesser capacity. The parties entered into the contract in full contemplation of the fact that my career and livelihood, as an experienced administrator in the industry, depended on my continuing in such position. The parties were expressly aware that for me to be in other than exclusive charge of the object property would significantly impair my ability to obtain employment, at the end of the period of my contract with defendant, comparable with that employment I might have been able to obtain at the time I entered into the contract with the defendant.
12. The conduct of the defendant Temco was extreme and outrageous.
13. The conduct of the defendant, was intended and/or formed in a
CT Page 13984
reckless disregard of the probability of severe emotional distress to myself.
14. I suffered severe emotional distress.
15. My severe emotional distress was a direct and proximate result of the defendant's conduct herein. . . . ."
DISCUSSION
The court starts with the proposition "contracts of permanent employment, or for an indefinite term, are terminable at will." Torosyanv. Boehringer Ingelheim Pharmaceuticals, Inc., 234 Conn. 1, 14 (1995).Sheets v. Teddy's Frozen Food, Inc., 79 Conn. 471, 474 (1980). Based upon the interrogatories and affidavits filed, the court finds no evidence that Temco "had agreed, either by words or actions or conduct, to undertake [some] form of actual contractual commitment to [her] under which he could not be terminated without just cause." Torosyan, supra
at 15. A vague oral assurance lacking certainty is insufficient to give rise to contractual liability. Geraci v. Ballot, civ. no. H-90-950 (D. Conn. Dec. 4, 1991), slip op. at 3, digested in 18 CLT 1. While the court for purposes of this summary judgment is willing to regard the reassignment of the plaintiff as the functional equivalent of a termination, an at will employee may not maintain a cause of action for breach of implied covenant of good faith and fair dealing by merely alleging that a personnel decision was without notice or unfair. Barrows v. UnitedAluminum Corp., 1997 Conn. Sup. Lex. 1327 (Conn.Sup.Ct. May 16, 1997). In order to support a claim for breach of implied covenant of good faith and fair dealing, the plaintiff must allege and prove that the reason for his termination "involved impropriety . . . derived from some important violation of public policy." Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 571 (1984).
Sheets v. Teddy's Frozen Food, Inc., supra contains a familiar limitation on the right of employers to terminate at will employees without just cause. Sheets recognized that if employer's actions violated public policy, the employer may not terminate the employee with impunity. In Sheets the plaintiff had claimed that he was terminated because he insisted that the defendant comply with the provisions of the Connecticut Uniform Food, Drug and Cosmetic Act in regard to the labeling of food. The plaintiff here claims that the determination to reassign him to employment over a hundred miles from his house is tantamount to a firing and violates public policy. While the court, as earlier stated, is willing to concede for purposes of this motion that the reassignment may be tantamount to a firing, the court can see no factual basis alleged
CT Page 13985
which supports the claim of a violation of public policy.
"Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such issue." Haesche v. Kissner, 229 Conn. 213 at 217
(1994). "Mere statements of legal conclusions and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment." Wadia Enterprises v. Hirshfeld,29 Conn. App. 162, 170 (1992). The party opposing summary judgment must file affidavits or other documenting evidence which sets forth specific facts showing that there is a genuine issue of fact. Farrel v. Farrel,182 Conn. 34, 39 (1980)
The plaintiff has alleged no specific facts which would support his claim of an oral contract. The plaintiff has alleged no specific facts supporting his claim that his termination violated an important public policy. The plaintiff has alleged no facts which support that his termination was "extreme and outrageous," a requirement of his third count for intentional infliction of emotional distress.
Finally, in order to prevail on a claim of negligent infliction of emotional distress, the plaintiff has the burden of pleading and proving that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that the distress, if it were caused, might result in the illness or bodily harm. Parsons v.Secorsky Aircraft, Inc., 1994 West Law 118834 (Conn.Sup.Ct. Apr. 5, 1994 aff'd in part and reversed in part on other grounds, 243 Conn. 66). "The mere fact of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior." Parsons,243 Conn. at 89.
In conclusion, the plaintiff has submitted no facts by affidavit or otherwise which would support his claim of "a valid oral employment contract." He has submitted no facts by affidavit or otherwise which would justify a finding that the action of the defendant Temco was "extreme and outrageous." He has submitted no facts by affidavit or otherwise that would support a conclusion that his termination violated an important public policy. He has submitted no facts which would justify a conclusion that the manner of his discharge would cause severe and emotional distress and mental disturbance.
While the defendant has pleaded certain legal conclusions, he has submitted no affidavit of facts to support those legal conclusions. Summary judgment is granted in favor of the defendant as to each of the
CT Page 13986
four counts of the plaintiff's complaint.
 BY THE COURT ___________________ Kevin E. Booth, J.
CT Page 13987