[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Centerbank f/k/a The Banking Center, has brought a foreclosure action against the defendant, Silvermine Land Investment Corporation (Silvermine), as maker of a promissory note and mortgagor of certain realty, and against three individual guarantors of this note, Manoucher Shafie, Ali Sabrkesh, and John Kantzas.
The complaint alleges that Silvermine executed a note dated October 8, 1987, in the original principal amount of $6,000,000. As security for this note, Silvermine granted a first mortgage to the plaintiff on 2.17 acres of its property located on Seir Hill Road in Norwalk. This loan was used to construct approximately 50 condominium units in a project known as Seir Hill Gardens Condominiums. The defendants Shafie, Sabrkesh and Kantzas CT Page 11245 guaranteed payment of this note by a guaranty dated October 8, 1987. The note went into default and the plaintiff commenced this action. According to the file the principal balance of the note is approximately $4,500,000.
The defendants admitted execution of the note and mortgage, and that payments had not been made when due. However, they filed seven special defenses. The first special defense is that the plaintiff has "unclean hands" because it required the defendants to hire Realtech Realtors, the plaintiff's wholly-owned subsidiary, as the exclusive agent to rent the units in the condominium, and that Realtech failed to find any purchasers. The second special defense claims "estoppel". The third alleges that the complaint "fails to state a cause of action." The fourth refers again to the defendants being obliged to retain Realtech as its agent. The fifth special defense contends that the plaintiff "altered the risk" and thus discharged the guarantors. The sixth claims that the guaranty represents a "contract of adhesion." The seventh defense asserts that the guaranty is "unconscionable." The defendants added two more special defenses claiming a breach of the "implied covenant of good faith and fair dealing," and of General Statutes 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA). The "counterclaims" are not pleaded separately but rather are included within a heading entitled "Special Defenses and Counterclaims." Apparently the first count of the counterclaim is the same as the special defense regarding "good faith and fair dealing," and the second counterclaim involves CUTPA.
The plaintiff has now moved for summary judgment on its complaint as to liability. In support of its motion, the plaintiff submitted affidavits by Suzanne L. Broderick, a vice president of the plaintiff, and David Osella, a loan officer, both of whom had personal knowledge concerning the note and mortgage executed by Silvermine, and the guaranty by the three individual defendants, and also that the mortgagor had failed to make the required monthly payments.
The defendants did not submit any affidavits or documentation in opposition to plaintiff's motion. Rather they argue, based on their interpretation of Practice Book 379, that summary judgment may not be granted once they asserted special defenses.
The criteria for the granting of a summary judgment were summarized by the Appellate Court in Cummings Lockwood v. Gray, 26 Conn. App. 293, CT Page 11246 296-297, 600 A.2d 1040 (1991): (i) such a judgment may be granted if there is no genuine issue as to any material fact; (ii) a material fact is one that will make a difference in the outcome of the case; (iii) the moving party has the burden of proving the nonexistence of any material fact; (iv) the evidence must be viewed in the light most favorable to the nonmovant; and (v) the test is whether the moving party would be entitled to a directed verdict on the same facts.
Another recent case, Wadia Enterprises, Inc. v. Hirschfeld,27 Conn. App. 162, 166, 168-70, 604 A.2d 1339 (1992), sets forth the obligations of the nonmovant: (i) the party opposing summary judgment must substantiate its claim to the contrary by showing that there is a genuine issue of material fact, and must disclose the evidence establishing the existence of such an issue; (ii) "[m]ere statements of legal conclusions, and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment;" (iii) "[i]t is not enough that one opposing a motion for a summary judgment claims that there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented in the counter affidavit;" (iv) "[i]t is not enough . . . merely to assert the existence of such a disputed issue . . . [instead] the genuine issue aspect requires the party to bring forward before trial evidentiary facts, or substantial evidence outside of the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred;" and (v) "[m]ere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue.
Thus, the issue in deciding this motion is whether there are genuine issues of material fact, not whether special defenses have been filed. Under defendants' theory summary judgment could never enter once a defendant files special defenses, but would be limited to those actions where there was a complaint followed only by an answer. I disagree with the contention that the mere filing of special defenses immunizes a defendant from being obliged to defend a motion for summary judgment on its merits. "The mere presence of an alleged adverse claim is not sufficient to defeat a motion for summary judgment." Farrell v. Farrell,182 Conn. 34, 39, 438 A.2d 415 (1980). Rather, the opposing party must "recite specific facts . . . which contradict those stated in the [movant's] affidavits and documents." Id., 39-40.
The only types of cases not amenable to summary judgment, CT Page 11247 according to Practice Book 379, are actions for dissolution, legal separation, annulment and certain administrative appeals. The reference to counterclaims and cross complaints does not exclude cases in which special defenses are filed, but rather makes it clear that one can move for summary judgment not only with respect to a complaint, but also on counterclaims and cross complaints since they are independent actions in effect.
As authority for its contention that the filing of special defenses prevents the entry of a summary judgment, the defendants cite several Superior Court cases, including a decision by Judge Rush in this judicial district in Prudential Funding Corp. v. 6th Stamford New-Urban Corporation, CV 91 0116262. This was also a foreclosure case in which the plaintiff moved for summary judgment, but as the court noted in its memorandum of decision dated June 16, 1992, "plaintiff is requesting summary judgment only with respect to the special defenses and counterclaim assert by the defendant." The court points to several cases also cited by the defendants in this case for the proposition that "under Practice Book 379 summary judgments apply to actions, counterclaims and cross-complaints and there are no provisions for the entry of a summary judgment with respect to a special defense."
In this case the plaintiff is not seeking summary judgment as to the defendants' special defenses. It seeks summary judgment on its own complaint. The mere fact that special defenses have been filed cannot defeat summary judgment in this context. If plaintiff was seeking summary judgment solely on defendants' special defenses, Judge Rush's decision would be on point, but since the plaintiff seeks judgment on its complaint, the Prudential decision is inapplicable. The other cited cases are similar in nature. For example, in Ferryman v. Groton,4 Conn. L. Rptr. 169 (1991), "Groton has moved for summary judgment on Electric Boat's first and second special defenses." The case points out that the Practice Book does not provide "for a judgment to be entered on a special defense." To the same effect is Espowood v. Springfield Terminal Railway Company, 7 Conn. L. Rptr., No. 5, 147 (August 24, 1992).
As stated previously, the plaintiff does not seek judgment on the special defenses, but on its own complaint. There is a significant difference between requesting a summary judgment on one's own complaint, and seeking judgment against an opponent's special defense. The latter is not permitted, but the former is CT Page 11248 appropriate.
This decision does not address the merits of the special defenses nor the accuracy of the plaintiff's claim in its memorandum that, by filing these special defenses, the "[d]efendants are obviously attempting to stall this foreclosure action, recoup their initial investment and hopefully net a profit."
Summary judgment is warranted because the defendants did not refute the affidavits submitted by plaintiff. In a supplemental memorandum of November 5, 1992, the defendants seek an additional fourteen days from the date of this memorandum of decision in which to file counter affidavits if this decision is adverse to them. However, Practice Book 380 provides that the nonmovant must file opposing papers "prior to the day the case is set down for short calendar." This case appeared on the October 26, 1992 calendar. Since the defendants failed to comply with this provision, I know of no justification or rationale for this court to alter the Practice Book by authorizing the defendants to file papers in opposition to summary judgment at some time other than the date prescribed.
Thus, plaintiff's motion for summary judgment on its complaint is granted as to liability, and the matter should be claimed to the foreclosure short calendar for implementation of this decision.
So Ordered.
Dated at Stamford, Connecticut, this 16th day of December, 1992.
William B. Lewis, Judge CT Page 11249