[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS MOTION FOR SUMMARY JUDGMENT
ISSUE
This action arises out of injuries suffered by the plaintiff when the hood of her vehicle flew up and smashed the windshield while she was driving to work in the morning. The time of the accident was the first substantial use of the vehicle by anyone since the plaintiff stopped at the defendant's establishment the evening before to have her oil checked. The plaintiff alleges that the defendant negligently failed to properly secure her hood after checking the oil. The defendant has filed a motion for summary judgment.
FACTS
The plaintiff, Lisa O'Donnell, commenced this action by filing a complaint against the defendant, Patrick J. Sullivan d/b/a Sully's Mobil, on August 9, 1994. The plaintiff subsequently amended her complaint on October 19, 1994, May 3, 1995, and filed the final one count amended version on May 24, 1995. The complaint alleges that at approximately 7:00 p.m. on or about November 4, 1992, the plaintiff drove her 1989 Suzuki Sidekick to Sully's Mobil at 382 Vauxhall Street, New London, Connecticut, to purchase gasoline, and that the defendant, his employee, agent or servant (hereinafter referred to collectively as the defendant), refueled the plaintiff's automobile and checked the oil level. The complaint goes on to allege that at approximately 7:30 a.m. the next day the hood of the plaintiff's vehicle blew up while she was travelling northbound on Interstate 95, smashing the CT Page 1319-QQQ windshield and injuring the plaintiff. The plaintiff alleges that her injuries were caused by the negligent failure of the defendant to secure her hood after checking the oil.
The defendant filed an answer with special defenses on December 2, 1995.[1] The first special defense asserts the plaintiff's own failure to keep her vehicle in proper working order. The second special defense asserts the plaintiff's failure to properly inspect the hood of her vehicle to insure that is was in proper working order. The third and fourth special defenses essentially assert that the plaintiff operated the vehicle when she knew or in the exercise of reasonable care should have known, that the hood mechanism was not in proper working order. Finally, the fifth and sixth special defenses assert the plaintiff's own failure to secure the hood of her vehicle properly or to insure that the defendant had secured it properly before operating the vehicle. The plaintiff filed a reply to the special defenses on December 12, 1995.
On August 17, 1995, the defendant filed the present motion for summary judgment. The plaintiff filed an objection on November 2, 1995. Pursuant Practice Book § 380, both parties have filed an appropriate memoranda of law in support of their respective positions.
DISCUSSION
Summary judgment may be granted "(i) . . . if there is no genuine issue as to any material fact; (ii) a material fact is one that will make a difference in the outcome of the case; (iii) the moving party has the burden of proving the nonexistence of any material fact; (iv) the evidence must be viewed in the light most favorable to the nonmovant; and (v) the test is whether the nonmoving party would be entitled to a directed verdict on the same facts." Centerbank v. SilvermineLand Investment, Superior Court, judicial district of Stamford Norwalk, at Stamford, Docket No. 12 29 42 (December 16, 1992, Lewis, J., 8 CSCR 126).
The opposing party "(i) . . . must substantiate its claim to the contrary by showing that there is a genuine issue of material fact, and must disclose the evidence establishing the existence of such an issue; (ii) mere statements of legal conclusions, and bald assertions, without more, are CT Page 1319-RRR insufficient to raise a genuine issue of material fact capable of defeating summary judgment; (iii) . . . some evidence showing the existence of such an issue must be presented . . . ." Id.
"[T]he trial court is limited to considering the pleadings, affidavits, and other documentary proof submitted by the parties." Orticelli v. Powers, 197 Conn. 9, 15,495 A.2d 1023 (1985). Further, any "other documents" submitted in support of the motion must be such documents as would be admissible as evidence at trial. Fogarty v. Rashaw, 193 Conn. 442,444, 476 A.2d 582 (1984). Further, "the court [is] limited to deciding whether an issue exist [s], but it [cannot] try that issue if it [does] exist." Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982). Finally, summary judgment is not well suited for negligence cases. Michaud v. Gurney,168 Conn. 431, 434, 352 A.2d 857 (1975).
In the present case, the plaintiff states in her sworn affidavit that the defendant opened the hood of her vehicle to check the oil, and that, except for driving home from the defendant's establishment at a speed of 20-25 m.p.h., the vehicle was not used again until the time of the accident. (Plaintiff's exhibit A.). The plaintiff states in her deposition that the accident did not occur until she was travelling approximately 55-60 m.p.h. on the highway. (Defendant's exhibit A, deposition of Lisa O'Donnell, pp. 109.). The defendant's only substantive reply to this evidence it that his employees do not remember serving the plaintiff. (Defendant's exhibit B, affidavit of Patrick J. Sullivan). Therefore, under the facts as they stand now, the defendant's actions remain a plausible cause of the plaintiff's accident. It follows that there remains an unresolved genuine issue of material fact in the present case. Centerbank v. SilvermineLand Investment, supra.
CONCLUSION
Based on the foregoing, the defendant's motion for summary judgment is denied.
Austin, J.