[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON CROSS-MOTION FOR SUMMARY JUDGMENT
Issue.
This action arises from the defendant's termination of the plaintiff's employment, because of a positive drug test. The plaintiff brought this action claiming that the drug test was illegal under the Connecticut Drug Testing Statute, because the employer did not have the requisite "reasonable suspicion." The defendant filed a motion for summary judgment. The plaintiff filed a cross-motion for summary judgment. The significant differences in the description by the parties of the events leading up to the drug test question herein appears to create a CT Page 1310 genuine issue of material fact as to whether the circumstances as they existed provided the defendant with the requisite "reasonable suspicion."
Facts
The plaintiff, Thomas Poulos, commenced this action by filing a complaint against the defendants, Pfizer, Inc. (Pfizer) and Pharmchem Laboratories Inc. (Pharmchem)[1], on November 7, 1991. The plaintiff filed a final amended version of the complaint on September 10, 1993. The complaint alleges that the plaintiff was employed under contract by Pfizer, that on or about December 26, 1990, Pfizer required the plaintiff to provide a urine sample to be tested for drugs and to sign a consent form under threat of termination, which the plaintiff did, and that the sample was sent to Pharmchem so that such drug tests could be performed. The complaint also alleges that Pfizer suspended the plaintiff from work without pay or other benefits from December 26, 1990, through January 3, 1991. The complaint further alleges that based on the results from the December 26, 1990, drug test, the plaintiff was similarly forced to provide samples for drug testing under threat of termination on January 7, January 23, and February 13, 1991, and that the plaintiff was terminated based on the results of the February 13, 1991 test. The plaintiff claims that Pfizer did not have the requisite "reasonable suspicion" that the plaintiff was under the influence of drugs or alcohol, and that Pfizer thereby violated the Connecticut Drug Testing Statute, General Statutes § 31-51t et seq., by forcing the plaintiff to submit [to] drug testing.
Discussion.
Summary judgment may be granted "(i) . . . if there is no genuine issue as to any material fact; (ii) a material fact is one that will make a difference in the outcome of the case; (iii) the moving party has the burden of proving the nonexistence of any material fact; (iv) the evidence must be viewed in the light most favorable to the nonmovant; and (v) the test is whether the nonmoving party would be entitled to a directed verdict on the same facts." Centerbank v. Silvermine Land Investment, Superior Court, judicial district of Stamford-Norwalk, at Stamford, Docket No. 12 29 42 (December 16, 1992, Lewis, J., 8 CSCR 126).
The opposing party "(i) . . . must substantiate its claim to the contrary by showing that there is a genuine issue of material CT Page 1311 fact, and must disclose the evidence establishing the existence of such an issue; (ii) mere statements of legal conclusions, and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment; (iii) . . . some evidence showing the existence of such an issue must be presented . . . ." Id.
"[T]he trial court is limited to considering the pleadings, affidavits, and other documentary proof submitted by the parties." Orticelli v. Powers, 197 Conn. 9, 15, 495 A.2d 1023
(1985). Further, any "other documents" submitted in support of the motion must be such documents as would be admissible as evidence at trial. Fogarty v. Rashaw, 193 Conn. 442, 444,476 A.2d 582 (1984). Finally, "the court [is] limited to deciding whether an issue exist[s], but it [cannot] try that issue if it [does] exist." Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471
(1982).
General Statutes § 31-51x(a) states in pertinent part that "No employer may require an employee to submit to a urinalysis drug test unless the employer has reasonablesuspicion that the employee is under the influence of drugs or alcohol which adversely affects or could adversely affect such employee's job performance. . . ." (Emphasis added.). The standard of reasonable suspicion under § 31-51x is analogous to the standard under the Fourth Amendment. (Defendant's brief, pp. 6; citing Doyon v. Home Depot U.S.A., Inc., [850 F. Sup. 125
(D.Conn. 1994)]).
In the present case, the court finds there to be sufficient and significant factual differences between the parties representations as to the actions and occurrences leading up to the December 26, 1990, drug test sufficient to create a genuine issue of material fact. The parties have submitted detailed and extensive briefs on the issues, with supporting documentation. Mere words upon paper, however, though forceful and eloquent they may be, can be no substitute for the fresh testimony of live witnesses. Therefore, the court finds that it cannot justly conclude whether the plaintiff's actions were sufficient enough to provide the defendant with "reasonable suspicion" without having the opportunity to hear and examine the candor of the witnesses as they recall the relevant events.
Conclusion
CT Page 1312
The motion for summary judgment of the defendant Pfizer filed on June 7, 1994, seeking summary judgment as to counts one, two and three of the second amended complaint is denied.
The cross motion for summary judgment of the plaintiff Poulos filed July 21, 1995 is denied.
Austin, J.