[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#127)
On May 17, 1993, the plaintiff, State Street Mortgage Company, commenced this one count foreclosure action against the defendants, Marilyn Piscitelli and Eugene Piscitelli, for their alleged failure to pay amounts due under a promissory note dated January 26, 1990, for the amount of $90,000. In its complaint, the plaintiff alleges that the defendants granted to the plaintiff a mortgage to secure the note on the subject real property known as 18 Lawrence Avenue, Milford and 168 Cock Hill Road, Wallingford. The plaintiff alleges that it is the owner and holder of the subject note and mortgages. The plaintiff alleges that the note and mortgage are due and wholly unpaid, and that CT Page 1331-EE the defendants are in possession of the subject real property.
On November 4, 1994, the defendant Marilyn Piscitelli filed an answer alleging six special defenses. On October 30, 1995, the plaintiff filed a motion for summary judgment as to the issue of liability of the defendant Marilyn Piscitelli. See Practice Book § 385.
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994). In addition, "[a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages. . . ." Practice Book § 385.
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts under oath, disclosures, written admissions and the like." Practice Book § 380;Cummings Lockwood v. Gray, 26 Conn. App. 293, 296,600 A.2d 1040 (1991). "The party seeking summary judgment bears the burden of showing the nonexistence of any material fact." Id., 297.
"Once the moving party has filed the appropriate documents, the party opposing the motion `must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing such an issue.'" (Citations omitted.) Cummings Lockwood v. Gray, supra, 26 Conn. App. 297. "The [opposing party] must recite specific facts . . . which contradict those stated in the plaintiff's affidavits and documents." Id. "[I]t is incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Internal quotation marks omitted.) WadiaEnterprises, Inc. v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506
(1992). "It is not enough . . . for the opposing party merely to assert the existence of such a disputed issue." Burns v. HartfordHospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). Also, "[t]he presence . . . of an alleged adverse claim is not sufficient to CT Page 1331-FF defeat a motion for summary judgment." (Citations omitted; internal quotation marks omitted.) Wadia Enterprises, Inc. v.Hirschfeld, supra, 247. "Mere assertions of fact, whether contained in a complaint or in a brief, are insufficient to establish a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380." (Citations omitted; internal quotation marks omitted.) Kakadelisv. DeFabritis, 191 Conn. 276, 281, 464 A.2d 57 (1983).
The fact that the defendants have filed several special defenses does not preclude this court from granting the motion for summary judgment on the complaint. Bank of New Haven v.Liner, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 034516 (June 13, 1994, Curran, S.T.R.);Centerbank v. Silvermine Land Investment, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 122942, 8 CSCR 126 (December 16, 1992, Lewis, J.). "Pleadings per se do not constitute documentary proof under § 380. Allegations of pleadings not admitted by a party are not proof of their contents. They merely set forth the cause of action and the issues of law and fact raised by the pleadings. Unadmitted allegations of pleadings do not constitute documentary proof of the existence of a genuine issue as to any material fact on a motion for summary judgment. The quantum of evidentiary proof admissible at trial relevant to [the] allegations, or any later amendment to them, is not documentary proof under § 380 probative of, or relevant to, the grant or denial of summary judgment. The court's consideration of a motion for summary judgment is limited to the evaluation as a matter of law of the documentary proof submitted under § 380." Paine WebberJackson Curtis. Inc. v. Winters, 13 Conn. App. 712, 721-22,539 A.2d 595 (1988). Thus, the defendants allegations in their special defenses in and by themselves are insufficient to defeat this motion for summary judgment.
Uncertified deposition transcripts are not acceptable in support of, or in opposition to, a motion for summary judgment.Oberdick v. Allendale Mutual Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 283004,9 Conn. L. Rptr. 607, 608-09 (August 25, 1993, Celotto, J.). "Uncertified copies of excerpts of deposition transcripts are not admissible as evidence and do not comply with the requirements of Practice Book § 380." Oberdick v. Allendale Mutual Ins. Co., supra. Likewise, deposition summaries prepared by counsel are hearsay and cannot be considered by the court on a motion for summary CT Page 1331-GG judgment.
Some superior courts judges have even held that certified deposition transcripts are not acceptable in support of, or in opposition to, a motion for summary judgment. See, e.g., Lagana v. Lastrina, Superior Court, judicial district of Middlesex at Middletown, 9 Conn. L. Rptr. 178 (May 27, 1993, Arena, J.); Oberdick v. Allendale Mutual Ins. Co., supra. "The primary purpose of a deposition taken pursuant to [the Practice Book rules] is discovery. . . . A response to a question propounded in a deposition is not a judicial admission." (Internal quotation marks omitted.) Esposito v. Wethered, 4 Conn. App. 641,645, 496 A.2d 222 (1985). "[T]he allowable scope of inquiry at a discovery deposition clearly exceeds the boundaries of admissible evidence." Sanderson v. Steve Snyder Enterprises,Inc., 196 Conn. 134, 139, 491 A.2d 389 (1985).
If evidence is inadmissible at trial, it is not sufficient to support a motion for summary judgment. Farrell v. Farrell,182 Conn. 34, 39, 438 A.2d 415 (1980). "Hearsay statements are insufficient to contradict facts offered by the moving party . . . If the affidavits and other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." (Emphasis added; internal quotation marks omitted.) 2830 WhitneyAvenue Corp. v. Heritage Canal Development Associates, 33 Conn. App. 563,568-69, 636 A.2d 1377 (1994).
The defendants in this case did not submit any affidavits orproper documentation in opposition to the plaintiff's motion for summary judgment. "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or otherwise . . . must set forth specific facts showing that there is a genuine issue for trial, and if he does not respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." (Emphasis added; internal quotation marks omitted.) Genco v. Connecticut Light Power Co.,7 Conn. App. 164, 167, 508 A.2d 58 (1986).
Even if this court were to allow deposition transcripts to be used as the sole documentary proof, the defendant in this case has not submitted certified deposition transcripts. The plaintiff has done the same, but the court also disregards those uncertified deposition excerpts. The plaintiff, however, has still met its burden of proof for its motion for summary CT Page 1331-HH judgment, as to the issue of liability, to be granted. The plaintiff has supplied the court with an affidavit of debt, along with copies of the deed and mortgage. In addition, the defendant admitted all the allegations of the complaint, except for paragraph ten.
The court finds that there is no material issue of fact existing which would preclude summary judgment as to the issue of the defendant's liability for the payment of the subject promissory note. The plaintiff's affidavit and supporting documentation suffices to prove the debt and the subsequent default. The defendant's answer admits that the defendants were the makers of the subject promissory note, and that they are the record owners and in possession of the property which is the subject of this action. In addition, the defendant has not controverted the plaintiff's supporting affidavit and documentation, so this court is entitled to rely on the facts stated in the affidavit of the movant.
For the reasons set forth above, the plaintiff's motion for summary judgment is granted as to the issue of liability.
Curran, J.
The court notes that Eugene Piscitelli has already been defaulted on January 31, 1994.